IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| PAMELA WILLIAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.: |
| ) | |
| OCWEN LOAN SERVICING , LLC, ) | JURY DEMAND |
| ( A Delaware Limited Liability Company), ) | |
| OCWEN FINANCIAL CORPORATION ) | Complaint Under the |
| (A Florida Corporation), ) | Racketeer Influenced and |
| and JOHN DOES 1-10, ) | Corrupt Organizations Act |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes the Plaintiff, Pamela Williamson ("Williamson"), by and through counsel, and hereby sues the Defendants and, for cause, would state and show as follows:

## I.

## THE PARTIES

1. The Plaintiff, Pamela Williamson ("Williamson"), is a citizen and resident of Nashville, Tennessee, and is the mortgagor of certain improved real property located at 3609 Crossbrook Drive, Nashville, TN 37221, which is encumbered by a mortgage purported to be owned and/or serviced by Defendant, Ocwen Loan Servicing, LLC.

2. The Defendant, Ocwen Loan Servicing , LLC ("Ocwen"), is believed to be a Delaware corporation, with its principal place of business in West Palm Beach, Florida. Ocwen is in the financial services business and which purports to have a mortgage on the property

owned by the Plaintiff at 3609 Crossbrook Drive, Nashville, TN 37221, or it is acting as the agent for the mortgagee and servicing the loan pursuant to an agreement. It participated in the enterprises that engaged in the acts of racketeering as further set forth in this Complaint. It is an "enterprise" within the meaning of 18 U.S.C.A. § 1961 (4) et seq. It and the other Defendants conspired in creating and controlling the various enterprises between the parties and in forming an association-in-fact for the purpose of extorting and defrauding the Plaintiff and others through the various enterprises. This association-in-fact was also an "enterprise" within the meaning of RICO, 18 U.S.C.A. § 1961 (4) et seq. Ocwen shall be referred to in the singular throughout this complaint but it shall mean any and all of the Ocwen entities. Ocwen is also a "debt collector" within the meaning of 15 U.S.C.A. § 1692 et seq.

3. The Defendant, Ocwen Financial Corporation ("Ocwen"), is believed to be a Florida corporation and the single member of the Defendant LLC, Ocwen Loan Servicing, LLC, and it is a co-defendant in the present case. It participated in the enterprises that engaged in the acts of racketeering as further set forth in this Complaint and it is an "enterprise" within the meaning of 18 U.S.C.A. § 1961 (4) et seq. It conspired with the other Defendants in creating and controlling the various enterprises between the parties further described in this Complaint and in forming an association-in-fact for the purpose of extorting and defrauding the Plaintiff through the various enterprises.

4. The Defendants, John Does 1-10, are employees, officers and directors of the other named Defendants and/or other Ocwen entities and their employees, officers and directors who have participated in, planned, conspired, supervised, and assisted the

named "enterprise" defendants in violating the RICO statute. These individuals are "persons" within the meaning of 18 U.S.C.A. § 1961 et. seq.

## II.

## VENUE AND JURISDICTION

5. The Plaintiff avers that venue is proper in this Court in that the Plaintiff is located in the Middle District of Tennessee and all acts complained of occurred or accrued in the Middle District of Tennessee. Venue is proper pursuant to 18 U.S.C. § 1965(a).

6. Jurisdiction is proper pursuant to 18 U.S.C. § 1964-68 and 1964(c), since this involves a federal statute, namely, 18 U.S.C. §§ 1961 *et seq.*, 1962(C), 1964-68, and 1964(c). Jurisdiction is also proper in that the parties are citizens of different states and the amount in controversy is in excess of $75,000.00 so as to establish diversity jurisdiction pursuant to 28 U.S.C.A. § 1332.

## III.

## THE FACTS

7. The Plaintiff, Williamson, avers that she purchased the property at 3609 Crossbrook Drive, Nashville, TN 37221 in 2005.

8. The Plaintiff avers that she made her payments to Defendant, Ocwen, beginning in 2005.

9. The Plaintiff avers that she had incurred late fees in 2006 and 2009 but continued to make her payments.

10. The Plaintiff avers that she received multiple mailings each month, beginning in 2006, from Defendant, Ocwen, which contained illegal fees, late charges, and false statements of the money due, payments made, and money owed. These mailings were in violation of 18 U.S.C. § 1341. The Plaintiff relied on these mailings and paid additional payments.

11. The Plaintiff avers that she sought an accounting of her payments on multiple occasions but never received a true and accurate accounting of her payments.

12. The Plaintiff avers that she continued to make her payments to Defendant, Ocwen, and Defendant, Ocwen, continued to create false accountings of her payments.

13. The Plaintiff avers that the Defendant, Ocwen, used the United States mails and wires in furtherance of its fraudulent and illegal scheme by sending at least ten letters each month beginning in October 2006 and hundreds of harassing telephone calls each month beginning in 2006 using the United States mails and wires in furtherance of their scheme to defraud and extort the Plaintiff in violation of 18 U.S.C. § 1341. These numerous acts are part of a continuous and constant scheme that has occurred on divers occasions constituting more than two (2) such predicate acts within the past three years. The Plaintiff relied upon these mailings and paid money to Defendant, Ocwen.

14. The Plaintiff avers that the Defendant, Ocwen, charged unlawful fees to Plaintiff, Williamson, misapplied Williamson's payments, and asserted charges not due and owing including, but not limited to, Prev-Property Valuation Expense. The Plaintiff further avers that despite her mortgage payments for the last three (3) years, her principal balance increased from $ 146,272.69 in 2007 to $ 153,845.08 in 2008. The Defendant, Ocwen, asserted fraudulent charges and continued to misapply the Plaintiff's payments which were made timely. These actions were in violation of 18 U.S.C. § 1341. The Plaintiff relied upon these mailings and paid additional money.

15. The Plaintiff avers that she never received notice of any kind regarding a foreclosure.

16. The Plaintiff avers that she only learned of the foreclosure in 2009 when received a letter from Shapiro & Kirsch, LLC who was retained to foreclose on the property.

17. The Plaintiff avers that Defendant, OCWEN, by and through its officers, employees, and directors, concealed the true status of her property and that they did so with the present intention to defraud the Plaintiff of the property.

18. The Plaintiff avers that the Defendant, OCWEN, has violated the implied covenant of good faith and fair dealing with her and that it intentionally did not serve her with notice of the pending foreclosure. The Plaintiff avers that she was not informed otherwise by Defendant, OCWEN, either. The Plaintiff avers that the Defendant, OCWEN, purposely and fraudulently orchestrated the foreclosure to convert the Plaintiff's interest in the property to its own benefit by, for and through an improper purpose.

19. The Plaintiff avers that the Defendant, Ocwen, has used the mails on multiple occasions each month beginning in 2006 to effectuate its fraudulent scheme to defraud the Plaintiff.

20. The Plaintiff avers that Defendant, Ocwen, has engaged in deceptive and unfair acts in servicing and/or administering the mortgage on 3609 Crossbrook Drive, Nashville, TN 37221. The Plaintiff avers that should the Defendants be permitted to proceed with their illegal schemes the Plaintiff will lose title to her real property and suffer immediate and irreparable monetary harm.

## IV

### COUNT ONE:
### VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS PRACTICES ACT IN VIOLATION OF 18 U.S.C § 1962(C)

21. The Plaintiff relies upon the factual averments in numbered paragraphs 1-20 in support of the following cause of action.

22. The Plaintiff avers that, at all relevant times, the Defendants, Ocwen Loan Servicing, LLC, Ocwen Financial Corporation , and others yet unnamed, each constituted an "enterprise" within the meaning of 18 U.S.C. § 1961(4) and § 1962 (c) in that they were corporations or other juridical entities.

23. The Plaintiff avers that the Defendants, Ocwen Loan Servicing , LLC, Ocwen Financial Corporation , and John Does 1-10 conducted, participated in, engaged in, conspired to engage in, and/or aided and abetted, the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1), § 1961(5), and § 1962(c). The pattern of racketeering activity consists of mail and wire fraud in violation of 18 U.S.C. § 1341. These acts all occurred after the effective date of the RICO Act, and more than two (2) such acts occurred within ten (10) years of one another.

24. The Plaintiff avers that, at all relevant times, the enterprises were engaged in, and their activities affected, interstate commerce.

25. The Plaintiff avers that all of the predicate acts described herein were related so as to establish a pattern of racketeering activity, within the meaning of 18 U.S.C. § 1962(c), in that their common purpose and common result were to defraud the Plaintiff of money, personally or through the Defendants' agent or agents, and to, directly or indirectly, participate in all of the acts of racketeering; and/or in that the acts of racketeering were otherwise related by distinguishing characteristics and were not isolated events.

26. The Plaintiff avers that all of the predicate acts described herein were continuous so as to form a pattern of racketeering activity in that the Defendants engaged in the

6

predicate acts over a substantial period of time, or in that such predicate acts had become the Defendants' regular way of conducting business, said business practices have continued to the present. The Plaintiff further avers that she is not the only victim of the Defendants' fraud but that there are hundreds and perhaps thousands of victims in multiple states of the Defendants' racketeering activity.

27. The Plaintiff avers that, as a direct and proximate result of, and by reason of, the activities of the Defendants, and their conduct in violation of 18 U.S.C. § 1962(c), the Plaintiff has been injured in her business and property, within the meaning of 18 U.S.C. § 1964(c). The Plaintiff is, therefore, entitled to recover, three-fold, the damages she has sustained, together with the costs of this lawsuit, including court costs, reasonable attorney's fees, and reasonable experts' fees.

## V.

### COUNT TWO:
### VIOLATIONS OF 18 U.S.C. § 1962 (A)

28. The Plaintiff re-alleges and restates paragraphs 1-27 in support of the following cause of action.

29. 18 U.S.C. § 1962 (a) proscribes the following conduct:

> **It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity… to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.**

30. Pursuant to 18 U.S.C. § 1964, any person or corporation injured in its business or property by reason of a violation of 18 U.S.C. § 1962 may recover three-fold the actual damages, plus the costs of the suit, including reasonable attorney's fees.

7

Case 3:09-cv-00514   Document 1   Filed 06/08/09   Page 7 of 12 PageID #: 7

31. The Plaintiff avers that the Defendants violated this provision of the RICO Act by receiving income from a pattern of racketeering activity as previously alleged.

## VI.

### COUNT THREE:
### VIOLATIONS OF 18 U.S.C. § 1962 (B)

32. The Plaintiff re-alleges and restates paragraphs 1-31 in support of the following cause of action.

33. 18 U.S.C. § 1962 (b) proscribes the following conduct:

   **It shall be unlawful for any person through a pattern of racketeering activity… to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.**

34. Pursuant to 18 U.S.C. § 1964, any person or corporation injured in its business or property by reason of a violation of 18 U.S.C. § 1962 may recover three-fold the actual damages, plus the costs of the suit, including reasonable attorney's fees.

35. The Plaintiff avers that the Defendants have violated this provision in that each Defendant enterprise is, and has been at all times material hereto, engaged in interstate or foreign commerce, and, as a direct and proximate result, the Plaintiff has been injured in her business and property.

## VII

### COUNT FOUR:
### RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT – IN VIOLATION OF 18 U.S.C. § 1962(D)
### (CONSPIRACY)

36. The Plaintiff re-alleges and restates paragraphs 1-35 in support of the following cause of action.

37. The Plaintiff avers that the Defendants conspired to conduct or participate, directly or indirectly, in the conduct of the affairs of the heretofor identified enterprises through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). In particular, the Defendants intended to further an endeavor which, if completed, and as completed, would satisfy all of the elements of a substantive RICO criminal offense and an adopted goal of furthering or facilitating the criminal behavior.

38. The Plaintiff avers that she was injured by the Defendants and their overt acts that are acts of racketeering or otherwise unlawful under the RICO statute, which included (among other acts) acts of mail fraud and wire fraud in violation of 18 U.S.C.A. § 341 and § 343 (as described with particularity in paragraphs 1-28, *supra*).

39. The Plaintiff avers that, as a direct and proximate result of, and by reason of, the activities of the Defendants and their conduct in violation of 18 U.S.C. § 1962(d), the Plaintiff has been injured in her business and property, within the meaning of 18 U.S.C. § 1964(c). The Plaintiff avers that she is, therefore, entitled to recover, three-fold, the damages she has sustained, together with the cost of this lawsuit, including costs, reasonable attorney's fees, and reasonable experts' fees.

## VIII.

### COUNT FIVE
### VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT AT TENN. CODE ANN. §47-18-104 ET SEQ.

40. The Plaintiff relies upon the factual averments in numbered paragraphs 1-39 in support of the following cause of action.

41. The Plaintiff avers that the actions of the Defendants as set forth specifically above constitute unfair and deceptive trade practices and violate the Tennessee Consumer

Protection Act as a direct and proximate result. The Plaintiff has suffered financial injury as a direct and proximate result.

## IX.

## COUNT SIX
## BREACH OF CONTRACT

42. The Plaintiff relies upon the factual averments in numbered paragraphs 1-41 in support of the following cause of action.

43. The Plaintiff avers that she and the Defendant, Ocwen, are parties to a mortgage contract and that Defendant, Ocwen, has violated the contract through its false accountings, failure to timely credit payments, and other actions. The Plaintiff avers that the Defendant Ocwen has violated the implied covenant of good faith and fair dealing and that its actions are the first material breach between the parties and they render the Plaintiff's duties and obligations under the contract void. The Plaintiff avers that she has sustained significant financial damages as a direct and proximate result of the Defendant's breach of contract.

## X.

## COUNT SEVEN
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AT 15 U.S.C.A §1692 ET SEQ.

44. The Plaintiff relies upon the factual averments in numbered paragraphs 1-43 in support of the following cause of action.

45. The Plaintiff avers that the Defendant, Ocwen, has used false and deceptive means of collecting its debts against the Plaintiff. The Defendant, Ocwen, has used the false and deceptive means by falsifying the amounts paid and owed, interest accrued, and other fees alleged to be due it while using harassing telephone calls and sending harassing

written communications through the United States mails to effect its scheme. The Defendants' actions have been continuous and constant since 2006 and they have relied upon false statements as to money due and payable as well as other fees and expenses. The Plaintiff avers that the Defendant has an intentional pattern of violating the Plaintiff's rights under the Fair Debt Collection Practices Act at 15 U.S.C.A. §1692 <u>et seq</u>.

### **XI.**

**WHEREFORE, PREMISES CONSIDERED, THE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:**

1. That the Defendants be served with process and be required to answer within the time allowed by law;

2. That the Plaintiff be awarded a judgment against the Defendants, jointly and severally, for compensatory damages in an amount in excess of $150,000;

3. That the Plaintiff be awarded statutory and other damages pursuant to 15 U.S.C.A. §1692;

4. That the Plaintiff be awarded punitive damages against the Defendants in an amount to be determined by the jury for their intentional, willful, knowing, fraudulent, and dishonest violations of the law;

5. That the Plaintiff be awarded damages against the Defendants in an amount such as the Court shall deem appropriate and at treble the amount of said damages pursuant to 18 U.S.C. § 1964(c) and Tenn. Code Ann. § 47.18-104 <u>et seq.</u>

6. That the damages be trebled pursuant to 18 U.S.C. § 1984(c);

7. That the Plaintiff be awarded all costs of litigation incurred, including reasonable attorney's fees, costs, disbursements, and expenses, pursuant to 18 U.S.C. § 1964(c), 15 U.S.C.A. §1692; and § 47.18-104 et seq.; and

8. That the Defendant be ordered to convey the Plaintiff's property located at 3609 Crossbrook Drive, Nashville, TN 37221 to the Plaintiff;

9. That the Plaintiff be awarded such other, further relief to which she may be entitled.

**THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS MATTER**.

                               **RESPECTFULLY SUBMITTED,**

_____
**G. KLINE PRESTON, IV #17141
KLINE PRESTON LAW GROUP, P.C.
530 CHURCH STREET, STE 202
NASHVILLE, TN 37219
(615) 244-5220
KPRESTON@KLINEPRESTON.COM**