# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| PAMELA WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 3:09-0514 |
| | ) | |
| OCWEN LOAN SERVICING , LLC, | ) | JURY DEMAND |
| ( A Delaware Limited Liability Company), | ) | |
| OCWEN FINANCIAL CORPORATION | ) | Complaint Under the |
| (A Florida Corporation), | ) | Racketeer Influenced and |
| and JOHN DOES 1-10, | ) | Corrupt Organizations Act |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Comes the Plaintiff, Pamela Williamson ("Williamson"), by and through counsel, and submits that the Defendants' Motion to Dismiss should be denied for the following reasons: (1) The Plaintiff has sufficiently pled all the necessary elements to establish claims for violations of the RICO Act, the Fair Debt Collections Practices Act, for breach of contract, and for violations of the Tennessee Consumer Protection Act; (2) The Plaintiff has simultaneously filed a Motion to Amend her Complaint which further bolsters the factual bases for her Complaint against the Defendants. The Plaintiff does not take issue with the legal authority cited by the Defendants in support of their Motion to Dismiss, however, she does take issue with its application to her Complaint.

# I

## STANDARD OF REVIEW

In deciding whether to grant a Rule 12(b)(6) motion, courts must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations of the plaintiff as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 452 (6th Cir. 2003) (quotations and citations omitted). The court's function is not to weigh the evidence or assess the credibility of witnesses, but rather to examine the complaint and determine whether the plaintiff has pleaded a cognizable claim. Id. (citations omitted). The motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id. (quotations and citations omitted).

# II

## LAW AND ARGUMENT
## MS. WILLIAMSON HAS SUFFICIENTLY PLED VIOLATIONS OF RICO

Contrary to the Defendants' argument that Ms. Williamson has not sufficiently pled a cause of action for violation of the RICO statute, Ms. Williamson has in fact specifically pled that the Defendants engaged in mail and wire fraud on a monthly basis beginning in 2006. At paragraphs of her Complaint she specifically pleads the time, places, and of her. At paragraph of her proposed Amended Complaint, she alleges with great detail the bases for her claim. Mail and wire fraud are predicate acts which form a basis for establishing a RICO Act violation. Furthermore, Ms. Williamson specifically pleads that she has sustained injury to her property as required by § 1964 (c) at paragraph of her Complaint.

The Plaintiff has pled predicate acts in support of her RICO claims of mail and wire fraud. The Plaintiff has sought to amend her Complaint to include more specifics out of an abundance of caution despite the fact that she believes her initial Complaint to satisfy the elements required to successfully plead mail and wire fraud. In her Complaint, Ms. Williamson specifically pleads that the she received statements from the Defendants on a monthly basis which contained false statements of money due and owing starting in 2006. Furthermore, Ms. Williamson alleges in her proposed Amended Complaint the specific invoices which were sent and what was false about these. She also states that the Defendants converted her property including her Ocwen documents. Ms. Williamson has met the minimum pleading standard for setting forth a RICO claim.

## III

## MS. WILLIAMSON'S PREDICATE ACT ALLEGATIONS ARE SUFFICIENTLY PLED

Ms. Williamson has specifically stated and pled in her Complaint that the Defendants engaged in mail and wire fraud in paragraphs 8-20 of her Complaint. This satisfies Rule 9 (b) of the Federal Rules of Civil Procedure as interpreted by the Sixth Circuit. The facts as alleged by the Plaintiff satisfy the essential elements required by Rule 9 (b) Federal Rules of Civil Procedure to be pled. Additionally, Ms. Williamson has set forth additional facts in her proposed First Amended Complaint at paragraphs 8-32.

## IV

## MS. WILLIAMSON HAS ALLEGED AN INJURY AS A RESULT OF DEFENDANTS' RICO VIOLATIONS

Ms. Williamson has sufficiently alleged injury as a direct and proximate result of Defendants' RICO violations. At numbered paragraphs 27 and 35 of her Complaint and paragraphs 29, 32, 37, 39, 47 of her proposed Amended Complaint, Ms. Williamson specifically alleges sufficient facts to satisfy the pleading requirements of a RICO action. The Defendants' motion on this part should be denied as well.

## V

## THE PLAINTIFF HAS SUFFICIENTLY PLED LEGALLY COGNIZABLE "ENTERPRISES"

Ms. Williamson has sufficiently pled legally cognizable "enterprises" for purposes of the RICO statute. Ms. Williamson has specifically pled that the different Defendants, including the John Doe Defendants, have formed "associations-in-fact" and have combined to form separate enterprises for purposes of the RICO statute. These "associations-in-fact" as pled are exactly the types of associations the RICO statute envisions and proscribes. Therefore, the Plaintiff has sufficiently pled violations of the RICO statute as required by Section 1962 (c). The various combinations of the various Defendants and their agents and associates can be the basis for forming "enterprises" within the meaning of Section 1962 (c). Therefore, the Defendants' motion on this point should be denied. The Defendants do not cite to any Sixth Circuit cases that support the contention that a combination of named Defendants and their agents, employees and others cannot form a RICO "enterprise". In *Puckett vs. Tennessee Eastman Kodak Co.*, 889 F. 2d 1481

CA 6 (Tenn. 1989), the Sixth Circuit held that in order to prove a violation of § 1962 (c) one must plead and prove separate legal entities as to the "person" and the "enterprise". A corporation cannot be named as the liable "person" and simultaneously fulfill the "enterprise" requirement as well. Such is the case in this instance. Ms. Williamson has pled that the separate entities have formed associations-in-fact which constitute separate entities. This satisfies the pleading requirements for a RICO complaint.

## VI

## THE PLAINTIFF'S CONSPIRACY ALLEGATIONS ARE NOT SOLELY INTRACORPORATE

Ms. Williamsons's conspiracy claims are not limited to intracorporate conspiracy. In fact, Ms. Williamson's claims are that the Defendants as associated, which include two distinct corporate defendants and additional individual defendants, conspired to violate the RICO statute. Paragraphs 37-39 of the Plaintiff's initial Complaint and paragraphs 49-51 of the Plaintiff's proposed Amended Complaint specifically state that the Defendants conspired together to conduct the affairs of the "enterprises" through the aforepled racketeering activity which was mail and wire fraud.

## VII

## THE PLAINTIFF'S COMPLAINT SATISFIES THE PLEADING REQUIREMENTS OF RULES 8 AND 9 FEDERAL RULES OF CIVIL PROCEDURE

Ms. Williamson's Complaint satisfies the pleading requirements of Rules 8 and 9. Ms. Williamson has set forth sufficient facts in her 13-page Complaint to put the Defendants on notice of the claims against them for violations of the RICO statute, violations of the Tennessee Consumer Protection Act ("TCPA"), violations of the Fair Debt Collection Practices Act

("FDCP"), and for breach of contract. It is clear from the Complaint that the Defendants are being sued for obtaining money from Ms. Williamson by using inaccurate and false monthly statements on her mortgage beginning in 2006 and then foreclosing on her deed of trust without notice to her. In Ms. Williamson's proposed Amended Complaint she alleges with greater specificity by quoting some of the statements that were sent to her and alleging that these statements alleged false amounts that were purportedly due and owing. Ms. Williamson made payments to the Defendant, Ocwen, based on these false statements. Ms. Williamson also alleges that the Defendants subsequently foreclosed on her property without notice to her as well. These actions constitute *prima facie* violations of the Tennessee Consumer Protection Act found at Tenn. Code Ann. § 47-18-104(a) and (b) (27). The Plaintiff further submits that the Defendant breached the agreements between her and Defendant, Ocwen, as well based on the same facts. The allegations are not that Ocwen charged fees that were not contractually based. The allegations are that Defendant, Ocwen, charged fees that were false.

With respect to Defendants' arguments that Ms. Williamson does not satisfy the requirements for pleading violations of the Fair Debt Collections Practices Act, Ms. Williamson clearly sets forth facts that allege and substantiate that by attempting to collect monies which were not actually due and owing constitutes a violation of the FDCP. Any and all actions, including the false invoices and subsequent telephone calls constitute the violations of the FDCP Act as set forth in Ms. Williamson's Complaint and her proposed Amended Complaint.

# VIII

## CONCLUSION

In conclusion, Ms. Williamson sets forth claims for violations of the RICO Act, the Tennessee Consumer Protection Act, the Fair Debt Collections Practices Act, and for breach of contract in accordance with Rules 8 and 9 Federal Rules of Civil Procedure. Ms. Williamson has set forth facts sufficient to satisfy the specific pleading requirements for the various elements of the RICO statute including the "predicate acts" requirements, the "enterprise" element, and the conspiracy claims. Furthermore, Ms. Williamson initially pled violations of the Tennessee Consumer Protection Act as well. Ms. Williamson has likewise sought to amend her Complaint out of an abundance of caution to provide greater detail and specificity to her Complaint. Ms. Williamson's proposed Amended Complaint sets forth an additional cause of action as well. Ms. Williamson alleges that the Defendants' actions constitute conversion in her proposed Amended Complaint. Ms. Williamson cannot fully set forth all of the facts with greater specificity because the Defendants actually converted her documents which support her claims after they surreptitiously foreclosed on her property. As a result, the Defendants should not be permitted to use this fact to their advantage. In short, Ms. Williamson has pled legally cognizable claims for violations of the aforementioned statutes and other claims and the Defendants' motion should be denied.

**RESPECTFULLY SUBMITTED,**

s/ Kline Preston
**G. KLINE PRESTON, IV #17141**
**KLINE PRESTON LAW GROUP, P.C.**
**530 CHURCH STREET, STE 202**
**NASHVILLE, TN 37219**
**(615) 244-5220**
**KPRESTON@KLINEPRESTON.COM**

## CERTIFICATE OF SERVICE

I do hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 3rd of August, 2009, which will send a notice of electronic filing to the following:

H. Lee Barfield, II
Jeffrey P. Yarbro
Bass, Berry & Sims, PLC
315 Deaderick Street, Ste 2700
Nashville, TN 37238-3001

s/ Kline Preston
G. Kline Preston, IV