## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

PAMELA WILLIAMSON,     )
             )  **CASE NO. 3:09-0514**
  Plaintiff,      )
             )  **JURY DEMAND**
vs.            )
             )
OCWEN LOAN SERVICING , LLC,  )  **Complaint Under the**
(A Delaware Limited Liability Company), )  **Racketeer Influenced and**
OCWEN FINANCIAL CORPORATION )  **Corrupt Organizations Act**
(A Florida Corporation),    )
and JOHN DOES 1-10,    )  **Judge Echols**
             )  **Magistrate Judge Brown**
  Defendants.     )

## ~~JOINT PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

This is an action brought by the Plaintiff alleging violations of the Racketeer Influenced and Corrupt Organizations Practices Act in violation of 18 U.S.C. § 1962 (C), 18 U.S.C. § 1962 (A), 18 U.S.C. § 1962 (B), 18 U.S.C. § 1962 (D), Tennessee Consumer Protection Act at Tenn. Code Ann. § 47-18-104 et seq., breach of contract, and Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq.

1. **Jurisdiction**. Diversity jurisdiction is established in this action under 28 U.S.C.A. § 1332 since the parties are citizens and residents of different states. In addition, the Complaint seeks compensatory damages in excess of $75,000.00. This Court has federal subject matter jurisdiction as well pursuant to 18 U.S.C. § 1964-68 and 1964(c).

2. **Venue.** Venue is proper in this jurisdiction pursuant to 18 U.S.C. § 1965.

3. **Status of Service of Process and Responsive Pleadings**. This action was originally filed on the June 8, 2009. Service of process has been properly issued and served by certified

1

mail. On July 6, 2009, Defendants filed a motion to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Subsequently, Plaintiff filed a Motion to Amend her Complaint on July 31 and then a response to Defendants' Motion to Dismiss on August 3. *In view of the motion to amend (DE 8) which is granted the motion to Dismiss (DE -5) is withdrawn.*

The parties have conferred and Defendants do not oppose Plaintiff's motion to amend provided Defendants are provided an opportunity to file a responsive pleading to the Amended Complaint rather than continue briefing on what would be a superseded Complaint. The parties have agreed that Defendants shall have twenty-one (21) days from the date of service to file a Motion to Dismiss the First Amended Complaint. The parties have further agreed that Plaintiff would have twenty-one (21) days to file a response in opposition to that motion and that Defendants would have fourteen (14) days to file a reply brief. Accordingly, Defendants' responsive pleadings *are* ~~would be~~ due on August 24, 2009; Plaintiff's Response ~~would be~~ *are* due on September 14, 2009; and Defendants' Reply ~~would be~~ *limited to 5 pages is* due on September 28, 2009.

4. **Stay of Discovery.** All discovery shall be stayed pending the resolution of Defendants' Motion to Dismiss, *except parties shall make documents dealing with the loan in question available to each other.*

5. **Scheduling.** If the case remains pending after the resolution of Defendants' Motion to Dismiss, the parties shall engage in consultation to determine an appropriate schedule for discovery, dispositive motions, and trial. *They shall notify the magistrate judge as soon as the motion to dismiss is decided to schedule*

6. **Theories of the Case.** *another case management conference.*

**Plaintiffs' Theory**

The Plaintiff avers that she was the mortgagor of certain real property located at 3609 Crossbrook Drive, Nashville, TN 37221 and Defendants, Ocwen Loan Servicing, LLC and Ocwen Financial Corporation, were servicing the debt owed to the mortgagee on the property for

2

all times material hereto. The Plaintiff further avers that the Defendants listed fees on her account statements which were false, inaccurate, and misleading. The Defendants then foreclosed on the property without notice to her. The Plaintiff further avers that as a direct and proximate result of the Defendants' actions she lost her home. The Plaintiff avers that the Defendants have violated the Tennessee Consumer Protection Act, the RICO Act, as well as having breached their contract and for conversion.

**Defendants' Theory**

Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Ocwen Financial Corporation (collectively, "Defendants") deny that they have provided plaintiff with false information concerning her account or otherwise improperly declared her in default on her mortgage loan. Instead, documents and business records in Ocwen's possession demonstrate that plaintiff defaulted on her loan in October 2006 after failing to make the required monthly payments and that plaintiff remained behind on her mortgage payments until Ocwen initiated foreclosure proceedings in March 2009. During the nearly two and a half years that plaintiff was behind on her payments, Ocwen granted the plaintiff numerous forbearance agreements and modified her loan in order to make her payments more affordable. Also during that time, Ocwen received numerous messages from the plaintiff acknowledging that her payments were late or insufficient to meet her obligations and thanking Ocwen for continuing to work with her. In short, the facts in this case indicate that plaintiff defaulted on her mortgage loan for reasons having nothing to do with the Defendants and that Ocwen made every effort to help the plaintiff become current on her loan although it was not required to do so under the terms of the agreement.

In addition to the factual insufficiencies underlying the plaintiff's complaint, plaintiff's complaint is insufficient on its face in that it both fails to satisfy even minimum notice pleading

3

requirements by identifying the grounds on which plaintiff contends the conduct challenged in the complaint was improper and fails to set forth sufficient allegations to state a claim under the Racketeer Influenced and Corrupt Organizations Act.

**ENTERED** this _10_ day of ___Oct___, 2009.

_____
MAGISTRATE JUDGE JOE B. BROWN

**APPROVED FOR ENTRY:**

/S/Kline Preston
Kline Preston Law Group, P.C.
G. Kline Preston, IV (# 17141)
530 Church Street, Ste 202
Nashville, TN 37219
(615) 244-5220
kpreston@klinepreston.com

*Attorney for Plaintiff*

/s/ H. Lee Barfield II
H. Lee Barfield, II  (#2581)
Jeffrey P. Yarbro (#24207)
Bass, Berry & Sims, PLC
315 Deaderick Street, Ste 2700
Nashville, TN 37238-3001

*Attorneys for Defendants*

4