IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| PAMELA WILLIAMSON, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 3:09-0514 |
| | ) | |
| OCWEN LOAN SERVICING , LLC, | ) | JURY DEMAND |
| ( A Delaware Limited Liability Company), | ) | |
| OCWEN FINANCIAL CORPORATION | ) | Complaint Under the |
| (A Florida Corporation), | ) | Racketeer Influenced and |
| and JOHN DOES 1-10, | ) | Corrupt Organizations Act |
| | ) | |
|    Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Comes the Plaintiff, Pamela Williamson ("Williamson"), by and through counsel, and hereby sues the Defendants and, for cause, would state and show as follows:

### I.

### THE PARTIES

1. The Plaintiff, Pamela Williamson ("Williamson"), is a citizen and resident of Nashville, Tennessee, and is the mortgagor of certain improved real property located at 3609 Crossbrook Drive, Nashville, TN 37221, which is encumbered by a mortgage purported to be owned and/or serviced by Defendant, Ocwen Loan Servicing, LLC. She is a "consumer" within the meaning of Tenn. Code Ann. § 47-18-102.

2. The Defendant, Ocwen Loan Servicing , LLC ("Ocwen"), is believed to be a Delaware corporation, with its principal place of business in West Palm Beach, Florida. Ocwen is in the financial services business and which purports to have a mortgage on the property owned by the Plaintiff at 3609 Crossbrook Drive, Nashville, TN 37221, or it is acting as

1

the agent for the mortgagee and servicing the loan pursuant to an agreement. It participated in the enterprises that engaged in the acts of racketeering as further set forth in this Complaint. It is an "enterprise" within the meaning of 18 U.S.C.A. § 1961 (4) et seq. It and the other Defendants conspired in creating and controlling the various enterprises between the parties and in forming an association-in-fact for the purpose of extorting and defrauding the Plaintiff and others through the various enterprises. This association-in-fact was also an "enterprise" within the meaning of RICO, 18 U.S.C.A. § 1961 (4) et seq. Ocwen shall be referred to in the singular throughout this complaint but it shall mean any and all of the Ocwen entities. Ocwen is also a "debt collector" within the meaning of 15 U.S.C.A. § 1692 et seq. Ocwen is the attorney-in-fact of U.S. Bank, N.A.

3. The Defendant, Ocwen Financial Corporation ("Ocwen"), is believed to be a Florida corporation and the single member of the Defendant LLC, Ocwen Loan Servicing, LLC, and it is a co-defendant in the present case. It participated in the enterprises that engaged in the acts of racketeering as further set forth in this Complaint and it is an "enterprise" within the meaning of 18 U.S.C.A. § 1961 (4) et seq. It conspired with the other Defendants in creating and controlling the various enterprises between the parties further described in this Complaint and in forming an association-in-fact for the purpose of extorting and defrauding the Plaintiff through the various enterprises. Ocwen is the attorney-in-fact of U.S. Bank, N.A.

4. The Defendants, John Does 1-10, are employees, officers and directors of the other named Defendants and/or other Ocwen entities and their employees, officers and directors who have participated in, planned, conspired, supervised, and assisted the

named "enterprise" defendants in violating the RICO statute. These individuals are "persons" within the meaning of 18 U.S.C.A. § 1961 et. seq.

## II.

## VENUE AND JURISDICTION

5. The Plaintiff avers that venue is proper in this Court in that the Plaintiff is located in the Middle District of Tennessee and all acts complained of occurred or accrued in the Middle District of Tennessee. Venue is proper pursuant to 18 U.S.C. § 1965(a).

6. Jurisdiction is proper pursuant to 18 U.S.C. § 1964-68 and 1964(c), since this involves a federal statute, namely, 18 U.S.C. §§ 1961 et seq., 1962(C), 1964-68, and 1964(c). Jurisdiction is also proper in that the parties are citizens of different states and the amount in controversy is in excess of $75,000.00 so as to establish diversity jurisdiction pursuant to 28 U.S.C.A. § 1332.

## III.

## THE FACTS

7. The Plaintiff, Williamson, avers that she purchased the property at 3609 Crossbrook Drive, Nashville, TN 37221 in 2005.

8. The Plaintiff avers that she made her payments to Defendant, Ocwen, beginning in 2005.

9. The Plaintiff avers that she had incurred late fees in 2006 and 2009 but continued to make her payments.

10. The Plaintiff avers that she received multiple mailings each month, beginning in 2006, from Defendant, Ocwen, which contained illegal fees, late charges, and false statements of the money due, payments made, and money owed which were false. These mailings were in violation of 18 U.S.C. § 1341 and Tenn. Code Ann. § 47-18-104 (a) and (b)(27).

The Plaintiff reasonably relied on these mailings and paid additional payments. The Plaintiff avers that she received statements with the following dates and false charges on them.

11. On May 21, 2006 the Defendants sent her statements which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 5/21/08 | 1,258.20 | 75.49 | | | | 1,333.69 |

The total amount due, total reinstatement amount, interest payment, and late charges were false and known to be false by the Defendants.

12. On October 17, 2006 the Defendants sent her two statements which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 10/17/2006 | 2,089.26 | 188.04 | 4.67 | | -215.37 | 2,966.60 |

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/17/06 | 922.36 | 122.27 | | -215.37 | 829.26 | 242.26 | 1,847.00 | | 255.39 | 3,173.91 |

The total amount due, fees and expenses, late charges, suspense balance, total reinstatement amount, interest payment, principal past due amount, interest past due amount, and assessed fees/expenses were false and known to be false by the Defendants.

13. On October 27, 2006 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 10/27/2006 | 1,847.00 | 242.26 | 250.72 | 4.67 | -215.37 | 2,129.28 |

The total amount due, interest payment, late charges, fees and expenses, suspense balance and total reinstatement amount were false and known to be false by the Defendants.

4

14. On November 21, 2006 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 11/21/2006 | 2,769.36 | 364.53 | 313.40 | 9.34 | -215.37 | 3,241.26 |

The total amount due, interest payment, late charges, fees and expenses, suspense balance and total reinstatement amount were false and known to be false by the Defendants.

15. On December 20, 2006 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 12/20/2006 | 2,767.08 | 366.81 | 376.08 | 139.51 | -215.74 | 3,433.74 |

The total amount due, interest payment, fees and expenses, late charges, suspense balance, and total reinstatement amount were false and known to be false by the Defendants.

16. On April 17, 2009 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 4/17/09 | 1,092.93 | 165.27 | 172.97 | 68.83 | 1,362.34 | 808.92 | 5,482.08 | 864.85 | 743.28 | 9,261.47 |

The total amount due, interest payment, interest past due amount, escrow, and assessed fees/expenses were false and known to be false by the Defendants.

17. On March 17, 2009 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 3/17/09 | 1,094.11 | 164.09 | 172.97 | 68.83 | 1,362.34 | 644.83 | 4,387.97 | 691.88 | 432.78 | 7,519.80 |

The total amount due, interest payment, past due amounts, escrow, and assessed fees and expenses were false and known to be false by the Defendants when made.

18. On January 19, 2009 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/19/09 | 1,096.42 | 151.78 | 172.97 | 68.83 | 1,362.43 | 320.12 | 2,196.28 | 345.94 | 226.47 | 4,451.15 |

The total amount due, interest payment, principal past due amounts, escrow, and assessed fees and expenses were false and known to be false by the Defendants when made.

19. On September 26, 2009 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 9/26/06 | 923.12 | 121.51 | | -215.37 | 829.26 | 120.75 | 923.88 | | 192.71 | 2,066.60 |

The total amount due, interest payment, principal past due amounts, interest past due amount, and assessed fees and expenses were false and known to be false by the Defendants when made.

20. The Plaintiff avers that she sought an accounting of her payments on multiple occasions but never received a true and accurate accounting of her payments.

21. The Plaintiff avers that she continued to make her monthly payments to Defendant, Ocwen, and Defendant, Ocwen, continued to create false accountings and false assessment of her payments.

22. The Plaintiff avers that the Defendant, Ocwen, used the United States mails and wires in furtherance of its fraudulent and illegal scheme by sending at least ten letters each month

beginning in October 2006 and hundreds of harassing telephone calls each month beginning in 2006 using the United States mails and wires in furtherance of their scheme to defraud and extort the Plaintiff in violation of 18 U.S.C. § 1341. These numerous acts are part of a continuous and constant scheme that has occurred on divers occasions constituting more than two (2) such predicate acts within the past three years. The Plaintiff relied upon these mailings and paid money to Defendant, Ocwen.

23. The Plaintiff avers that the Defendant, Ocwen, charged unlawful fees to Plaintiff, Williamson, misapplied Williamson's payments, and asserted charges not due and owing including, but not limited to, Prev-Property Valuation Expense. The Plaintiff further avers that despite her mortgage payments for the last three (3) years, her principal balance increased from $ 146,272.69 in 2007 to $ 153,845.08 in 2008. The Defendant, Ocwen, assessed fraudulent charges and continued to misapply the Plaintiff's payments which were made timely. These actions were in violation of 18 U.S.C. § 1341. The Plaintiff relied upon these mailings and paid additional money. The Defendants invested the money paid by the Plaintiff to operate their racketeering enterprises and continue their illegal actions.

24. The Plaintiff avers that she never received notice of any kind regarding a foreclosure.

25. The Plaintiff avers that she only learned of the foreclosure in 2009 when she received a letter from Shapiro & Kirsch, LLC who was retained to foreclose on the property.

26. The Plaintiff avers that Defendant, OCWEN, by and through its officers, employees, and directors, concealed the true status of her property and that they did so with the present intention to defraud the Plaintiff of the property.

7

Case 3:09-cv-00514   Document 16   Filed 08/11/09   Page 7 of 18 PageID #: 126

27. The Plaintiff avers that the Defendant, OCWEN, has violated the implied covenant of good faith and fair dealing with her and that it intentionally did not serve her with actual notice of the pending foreclosure. The Plaintiff avers that she was not informed otherwise by Defendant, OCWEN, either. The Plaintiff avers that the Defendant, OCWEN, purposely and fraudulently orchestrated the foreclosure to convert the Plaintiff's interest in the property to its own benefit by, for and through an improper purpose.

28. The Plaintiff avers that the Defendant, Ocwen, has used the mails on multiple occasions each month beginning in 2006 to effectuate its fraudulent scheme to defraud the Plaintiff.

29. The Plaintiff avers that Defendant, Ocwen, has engaged in deceptive and unfair acts in servicing and/or administering the mortgage on 3609 Crossbrook Drive, Nashville, TN 37221. The Plaintiff avers that should the Defendants be permitted to proceed with their illegal schemes the Plaintiff will lose title to her real property and suffer immediate and irreparable monetary harm as well as the use and enjoyment of her home.

30. The Plaintiff avers that she has lost an interest in her real property located at 3609 Crossbrook Drive, Nashville, TN 37221 as a direct and proximate result of the Defendants' actions. This is as a direct and proximate result of the Defendants' racketeering actions and enterprises.

31. The Plaintiff avers that the Defendants wrongfully and unlawfully converted her property to their own use and benefit. The Defendants foreclosed on her property and took her personal property which was located in her home as well. This included many of the documents she had received from the Defendants regarding her account which included the false Ocwen account statements and the false demands for payment of the false

amounts. The amounts alleged to have been due were not in fact due per the express terms of the contract with Ocwen.

32. The Plaintiff avers that the Defendants foreclosed on her property at 3609 Crossbrook Drive, Nashville, TN 37221 surreptitiously by not giving her actual notice of foreclosure. The Plaintiff also submits that the Defendants converted her real and personal property to their own use and benefit with the present intent to deprive her of its use and benefit. After the Defendant, Ocwen, foreclosed on the Plaintiff's property the defendants damaged her home, and converted her personal property *inter alia* computer, her computer desk, 2 couches, 1 love seat, chairs, two bedroom suits, dressers, night stands, headboards, lamps, tables, kitchen dinette set, stereo, DVD, refrigerator, lawnmower, tools, gardening tools, art work, luggage and documents including from Ocwen.

## IV

### COUNT ONE:
### VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS PRACTICES ACT IN VIOLATION OF 18 U.S.C § 1962(C)

33. The Plaintiff relies upon the factual averments in numbered paragraphs 1-32 in support of the following cause of action.

34. The Plaintiff avers that, at all relevant times, the Defendants, Ocwen Loan Servicing, LLC, Ocwen Financial Corporation , and others yet unnamed John Does, each constituted an "enterprise" within the meaning of 18 U.S.C. § 1961(4) and § 1962 (c) in that they were corporations or other juridical entities.

9

35. The Plaintiff avers that the Defendants, Ocwen Loan Servicing, LLC, Ocwen Financial Corporation, and John Does 1-10 conducted, participated in, engaged in, conspired to engage in, and/or aided and abetted, the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1), § 1961(5), and § 1962(c). The pattern of racketeering activity consists of mail and wire fraud in violation of 18 U.S.C. § 1341. These acts all occurred after the effective date of the RICO Act, and more than two (2) such acts occurred within ten (10) years of one another.

36. The Plaintiff avers that, at all relevant times, the enterprises were engaged in, and their activities affected, interstate commerce.

37. The Plaintiff avers that all of the predicate acts described herein were related so as to establish a pattern of racketeering activity, within the meaning of 18 U.S.C. § 1962(c), in that their common purpose and common result were to defraud the Plaintiff of money, personally or through the Defendants' agent or agents, and to, directly or indirectly, participate in all of the acts of racketeering; and/or in that the acts of racketeering were otherwise related by distinguishing characteristics and were not isolated events.

38. The Plaintiff avers that all of the predicate acts described herein were continuous on a monthly basis so as to form a pattern of racketeering activity in that the Defendants engaged in the predicate acts over a substantial period of time, or in that such predicate acts had become the Defendants' regular way of conducting business, said business practices have continued to the present. The Plaintiff further avers that she is not the

only victim of the Defendants' fraud but that there are hundreds and perhaps thousands of victims in multiple states of the Defendants' racketeering activity.

39. The Plaintiff avers that, as a direct and proximate result of, and by reason of, the activities of the Defendants, and their conduct in violation of 18 U.S.C. § 1962(c), the Plaintiff has been injured in her business and property, within the meaning of 18 U.S.C. § 1964(c). The Plaintiff is, therefore, entitled to recover, three-fold, the damages she has sustained, together with the costs of this lawsuit, including court costs, reasonable attorney's fees, and reasonable experts' fees.

## V.

### COUNT TWO: VIOLATIONS OF 18 U.S.C. § 1962 (A)

40. The Plaintiff re-alleges and restates paragraphs 1-39 in support of the following cause of action.

41. 18 U.S.C. § 1962 (a) proscribes the following conduct:

> **It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity… to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.**

42. Pursuant to 18 U.S.C. § 1964, any person or corporation injured in its business or property by reason of a violation of 18 U.S.C. § 1962 may recover three-fold the actual damages, plus the costs of the suit, including reasonable attorney's fees.

43. The Plaintiff avers that the Defendants violated this provision of the RICO Act by receiving income from a pattern of racketeering activity as previously alleged.

## VI.

# COUNT THREE:
# VIOLATIONS OF 18 U.S.C. § 1962 (B)

44. The Plaintiff re-alleges and restates paragraphs 1-43 in support of the following cause of action.

45. 18 U.S.C. § 1962 (b) proscribes the following conduct:

   **It shall be unlawful for any person through a pattern of racketeering activity… to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.**

46. Pursuant to 18 U.S.C. § 1964, any person or corporation injured in its business or property by reason of a violation of 18 U.S.C. § 1962 may recover three-fold the actual damages, plus the costs of the suit, including reasonable attorney's fees.

47. The Plaintiff avers that the Defendants have violated this provision in that each Defendant enterprise is, and has been at all times material hereto, engaged in interstate or foreign commerce, and, as a direct and proximate result, the Plaintiff has been injured in her business and property.

# VII

# COUNT FOUR:
# RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT – IN VIOLATION OF 18 U.S.C. § 1962(D)
# (CONSPIRACY)

48. The Plaintiff re-alleges and restates paragraphs 1-47 in support of the following cause of action.

49. The Plaintiff avers that the Defendants conspired to conduct or participate, directly or indirectly, in the conduct of the affairs of the heretofor identified enterprises through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). In particular, the Defendants intended to further an endeavor which, if completed, and as completed,

would satisfy all of the elements of a substantive RICO criminal offense and an adopted goal of furthering or facilitating the criminal behavior.

50. The Plaintiff avers that she was injured by the Defendants and their overt acts that are acts of racketeering or otherwise unlawful under the RICO statute, which included (among other acts) acts of mail fraud and wire fraud in violation of 18 U.S.C.A. § 341 and § 343 (as described with particularity in paragraphs 1-28, *supra*).

51. The Plaintiff avers that, as a direct and proximate result of, and by reason of, the activities of the Defendants and their conduct in violation of 18 U.S.C. § 1962(d), the Plaintiff has been injured in her business and property, within the meaning of 18 U.S.C. § 1964(c). The Plaintiff avers that she is, therefore, entitled to recover, three-fold, the damages she has sustained, together with the cost of this lawsuit, including costs, reasonable attorney's fees, and reasonable experts' fees.

## VIII.

### COUNT FIVE
### VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT AT TENN. CODE ANN. §47-18-104 ET SEQ.

52. The Plaintiff relies upon the factual averments in numbered paragraphs 1-51 in support of the following cause of action.

53. The Plaintiff avers that the Defendant's actions in misrepresenting the fees due, the application of the monies paid, and charging fees which are not contractually due, owing or incurred in its monthly statements published to the Plaintiff beginning in 2006 and thereafter constitute violations of the Tennessee Consumer Protection Act at Tenn. Code Ann. § 47-18-104 (a).

54. The Plaintiff avers that the Defendant's actions in foreclosing on her home without actual notice to her constitutes an unfair and deceptive act in violation of the Tennessee Consumer Protection Act at Tenn. Code Ann. § 47-18-104 (a).

55. The Defendants' actions as heretofor pled are deceptive to the Plaintiff and have ultimately led her to lose her home which constitutes multiple violations of the Tennessee Consumer Protection Act at Tenn. Code Ann. § 47-18-104 (a) and (b) (27).

56. The Plaintiff avers that the actions of the Defendants as set forth specifically above constitute unfair and deceptive trade practices and violate the Tennessee Consumer Protection Act at Tenn. Code Ann. § 47-18-104 (a) and (b)(27) as a direct and proximate result. The Plaintiff has suffered financial injury as a direct and proximate result of the Defendants' actions.

## IX.

### COUNT SIX
### BREACH OF CONTRACT

57. The Plaintiff relies upon the factual averments in numbered paragraphs 1-56 in support of the following cause of action.

58. The Plaintiff avers that she and the Defendant, Ocwen, by and through U. S. Bank, N. A., are parties to mortgage contracts and that Defendant, Ocwen, has violated the contracts through its false accountings, failure to timely credit payments, and other actions. The Plaintiff avers that the Defendant Ocwen has violated the implied covenant of good faith and fair dealing and that its actions are the first material breach between the parties and they render the Plaintiff's duties and obligations under the contract void. The Plaintiff avers that Ocwen has violated the promissory note and Deed of Trust by foreclosing on the Deed of Trust without giving her actual notice based on alleged amounts due to

Ocwen which were fabricated and false. The Plaintiff avers that she has sustained significant financial damages as a direct and proximate result of the Defendant's breach of contract.

## X.

### COUNT SEVEN
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AT 15 U.S.C.A §1692 ET SEQ.

59. The Plaintiff relies upon the factual averments in numbered paragraphs 1-58 in support of the following cause of action.

60. The Plaintiff avers that the Defendant, Ocwen, has used false and deceptive means of collecting its debts against the Plaintiff. The Defendant, Ocwen, has used the false and deceptive means by falsifying the amounts paid and owed, interest accrued, and other fees alleged to be due it while using harassing telephone calls and sending harassing written communications through the United States mails to effect its scheme. The Defendants' actions have been continuous and constant since 2006 and she has relied upon false statements as to money due and payable as well as other fees and expenses. The Plaintiff avers that the Defendant has an intentional pattern of violating the Plaintiff's rights under the Fair Debt Collection Practices Act at 15 U.S.C.A. §1692 et seq. because the amounts they sought to collect were grossly inaccurate, false and known to be such by the Defendants.

## XI.

### COUNT SEVEN
### CONVERSION

61. The Plaintiff relies upon the factual averments in numbered paragraphs 1-60 in support of the following cause of action.

62. The Plaintiff avers that the Defendant, Ocwen, has converted her real and personal property to their own benefit with the intent to deprive her of her property. The Defendants took her real property by means of an unlawful foreclosure and they took her personal property from her home as specifically pled heretofor.

63. The Plaintiff submits that this was intentional and knowing and constitutes conversion as well as a violation of the Tennessee Consumer Protection Act at Tenn. Code Ann. § 47-18-104 (a).

## XII.

**WHEREFORE, PREMISES CONSIDERED, THE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:**

1. That the Defendants be served with process and be required to answer within the time allowed by law;

2. That the Plaintiff be awarded a judgment against the Defendants, jointly and severally, for compensatory damages in an amount in excess of $150,000;

3. That the Plaintiff be awarded statutory and other damages pursuant to 15 U.S.C.A. §1692;

4. That the Plaintiff be awarded punitive damages against the Defendants in an amount to be determined by the jury for their intentional, willful, knowing, fraudulent, and dishonest violations of the law;

5. That the Plaintiff be awarded damages against the Defendants in an amount such as the Court shall deem appropriate and at treble the amount of said damages pursuant to 18 U.S.C. § 1964(c) and Tenn. Code Ann. § 47-18-104 et seq.

6. That the damages be trebled pursuant to 18 U.S.C. § 1984(c);

7. That the Plaintiff be awarded all costs of litigation incurred, including reasonable attorney's fees, costs, disbursements, and expenses, pursuant to 18 U.S.C. § 1964(c), 15 U.S.C.A. §1692; and § 47.18-104 et seq.; and

8. That the Defendant be ordered to convey the Plaintiff's property located at 3609 Crossbrook Drive, Nashville, TN 37221 to the Plaintiff;

9. That the Plaintiff be awarded such other, further relief to which she may be entitled.

**THIS IS THE SECOND APPLICATION FOR EXTRAORDINARY RELIEF IN THIS MATTER**.

                                                **RESPECTFULLY SUBMITTED,**

                                                s/ Kline Preston
                                    **G. KLINE PRESTON, IV #17141**
                            **KLINE PRESTON LAW GROUP, P.C.**
            **530 CHURCH STREET, STE 202**
**NASHVILLE, TN 37219**
                                    **(615) 244-5220**
**KPRESTON@KLINEPRESTON.COM**

**CERTIFICATE OF SERVICE**

I do hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 31st day of July, 2009, which will send a notice of electronic filing to the following:

H. Lee Barfield, II
Jeffrey P. Yarbro
Bass, Berry & Sims, PLC
315 Deaderick Street, Ste 2700
Nashville, TN 37238-3001

                                                  s/ Kline Preston_____
                                                  G. Kline Preston, IV