## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

PAMELA WILLIAMSON,          )
                                 )

     Plaintiff,              )
                                 )

vs.                             )        **CASE NO.: 3:09-0514**
                                 )

**OCWEN LOAN SERVICING , LLC,**   )        **JURY DEMAND**
**( A Delaware Limited Liability Company),**  )
**OCWEN FINANCIAL CORPORATION**   )     **Complaint Under the**
**(A Florida Corporation),**          )     **Racketeer Influenced and**
**and JOHN DOES 1-10,**        )     **Corrupt Organizations Act**
                                 )

     Defendants.            )

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes the Plaintiff, Pamela Williamson ("Williamson"), by and through counsel, and submits that the Defendants' Motion to Dismiss should be denied for the following reasons: (1) The Plaintiff has sufficiently pled all the necessary elements to establish claims for violations of the RICO Act, the Fair Debt Collections Practices Act, for breach of contract, for violations of the Tennessee Consumer Protection Act and for conversion; (2) The Defendants are not entitled to a dismissal of any claims as a matter of law. The Plaintiff has made specific allegations as to the misrepresentations made by the Defendants which satisfy the pleading requirements of a RICO Act complaint as well as a Tennessee Consumer Protection Act complaint; (3) The Defendants are not entitled to a dismissal as a matter of law on the claim for conversion. Tennessee law supports the Plaintiff's claim for conversion; (4) The Plaintiff has pled her claims with sufficient detail to satisfy the pleading requirements of Rules 8 and 9 Federal Rules of Civil Procedure and the Defendant's' motion should be denied.

# I.
## STANDARD OF REVIEW

In deciding whether to grant a Rule 12(b)(6) motion, courts must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations of the plaintiff as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 452 (6th Cir. 2003) (quotations and citations omitted). The court's function is not to weigh the evidence or assess the credibility of witnesses, but rather to examine the complaint and determine whether the plaintiff has pleaded a cognizable claim. Id. (citations omitted). The motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id. (quotations and citations omitted).

# II.
## LAW AND ARGUMENT
## MS. WILLIAMSON HAS SUFFICIENTLY PLED VIOLATIONS OF RICO

Contrary to the Defendants' argument that Ms. Williamson has not sufficiently pled a cause of action for violation of the RICO statute, Ms. Williamson has in fact specifically pled that the Defendants engaged in mail and wire fraud on a monthly basis beginning in 2006. At paragraphs 11-19 of her First Amended Complaint she specifically pleads the time, places, and misrepresentations made to her. At paragraphs 11-19 of her First Amended Complaint, she alleges with great detail the bases for her claim. Mail and wire fraud are predicate acts which form a basis for establishing a RICO Act violation. Furthermore, Ms. Williamson specifically pleads that she has sustained injury to her property as required by § 1964 (c) at paragraphs 39 and 51 of her First Amended Complaint.

The Plaintiff has pled predicate acts in support of her RICO claims of mail and wire fraud at paragraphs 11-23 of her First Amended Complaint. In her First Amended Complaint at

paragraphs 11-19, Ms. Williamson specifically pleads that the she received statements from the Defendants on a monthly basis which contained false statements of money due and owing starting in 2006. Ms. Williamson's First Amended Complaint reads in pertinent part as follows:

11. "On May 21, 2006 the Defendants sent her statements which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 5/21/08 | | 1,258.20 | 75.49 | | | 1,333.69 |

The total amount due, total reinstatement amount, interest payment, and late charges were false and known to be false by the Defendants.

12. On October 17, 2006 the Defendants sent her two statements which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 10/17/2006 | | 2,089.26 | 188.04 | 4.67 | -215.37 | 2,966.60 |

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/17/06 | 922.36 | 122.27 | | -215.37 | 829.26 | 242.26 | 1,847.00 | | 255.39 | 3,173.91 |

The total amount due, fees and expenses, late charges, suspense balance, total reinstatement amount, interest payment, principal past due amount, interest past due amount, and assessed fees/expenses were false and known to be false by the Defendants.

13. On October 27, 2006 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 10/27/2006 | 1,847.00 | 242.26 | 250.72 | 4.67 | -215.37 | 2,129.28 |

The total amount due, interest payment, late charges, fees and expenses, suspense balance and total reinstatement amount were false and known to be false by the Defendants.

14. On November 21, 2006 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 11/21/2006 | 2,769.36 | 364.53 | 313.40 | 9.34 | -215.37 | 3,241.26 |

The total amount due, interest payment, late charges, fees and expenses, suspense balance and total reinstatement amount were false and known to be false by the Defendants.

15. On December 20, 2006 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 12/20/2006 | 2,767.08 | 366.81 | 376.08 | 139.51 | -215.74 | 3,433.74 |

The total amount due, interest payment, fees and expenses, late charges, suspense balance, and total reinstatement amount were false and known to be false by the Defendants.

16. On April 17, 2009 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 4/17/09 | 1,092.93 | 165.27 | 172.97 | 68.83 | 1,362.34 | 808.92 | 5,482.08 | 864.85 | 743.28 | 9,261.47 |

The total amount due, interest payment, interest past due amount, escrow, and assessed fees/expenses were false and known to be false by the Defendants.

17. On March 17, 2009 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 3/17/09 | 1,094.11 | 164.09 | 172.97 | 68.83 | 1,362.34 | 644.83 | 4,387.97 | 691.88 | 432.78 | 7,519.80 |

The total amount due, interest payment, past due amounts, escrow, and assessed fees and expenses were false and known to be false by the Defendants when made.

18. On January 19, 2009 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/19/09 | 1,096.42 | 151.78 | 172.97 | 68.83 | 1,362.43 | 320.12 | 2,196.28 | 345.94 | 226.47 | 4,451.15 |

The total amount due, interest payment, principal past due amounts, escrow, and assessed fees and expenses were false and known to be false by the Defendants when made.

19. On September 26, 2009 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 9/26/06 | 923.12 | 121.51 | | -215.37 | 829.26 | 120.75 | 923.88 | 192.71 | 2,066.60 |

The total amount due, interest payment, principal past due amounts, interest past due amount, and assessed fees and expenses were false and known to be false by the Defendants when made."

Furthermore, Ms. Williamson alleges in her First Amended Complaint the specific invoices which were sent and what was false about these. She also states that the Defendants converted her property including her Ocwen documents at paragraph 32. Ms. Williamson has met the minimum pleading standard for setting forth a RICO claim as well as a claim for violations of the Tennessee Consumer Protection Act.

### III
### MS. WILLIAMSON'S PREDICATE ACT ALLEGATIONS ARE SUFFICIENTLY PLED

Ms. Williamson has specifically stated and pled in her First Amended Complaint that the Defendants engaged in mail and wire fraud in paragraphs 8-23 of her First Amended Complaint. This satisfies Rule 9 (b) of the Federal Rules of Civil Procedure as interpreted by the Sixth Circuit. The facts as alleged by the Plaintiff satisfy the essential elements required by Rule 9 (b) Federal Rules of Civil Procedure to be pled. Additionally, Ms. Williamson has set forth specific facts in her First Amended Complaint at paragraphs 8-32 as set forth below:

8. "The Plaintiff avers that she made her payments to Defendant, Ocwen, beginning in 2005.

9. The Plaintiff avers that she had incurred late fees in 2006 and 2009 but continued to make her payments.

10. The Plaintiff avers that she received multiple mailings each month, beginning in 2006, from Defendant, Ocwen, which contained illegal fees, late charges, and false statements of the money due, payments made, and money owed which were false. These mailings were in violation of 18 U.S.C. § 1341 and Tenn. Code Ann. § 47-18-104 (a) and (b)(27). The Plaintiff reasonably relied on these mailings and paid additional payments. The Plaintiff avers that she received statements with the following dates and false charges on them.

11. "On May 21, 2006 the Defendants sent her statements which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 5/21/08 | | 1,258.20 | 75.49 | | | 1,333.69 |

The total amount due, total reinstatement amount, interest payment, and late charges were false and known to be false by the Defendants.

12. On October 17, 2006 the Defendants sent her two statements which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 10/17/2006 | | 2,089.26 | 188.04 | 4.67 | -215.37 | 2,966.60 |

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/17/06 | 922.36 | 122.27 | | -215.37 | 829.26 | 242.26 | 1,847.00 | | 255.39 | 3,173.91 |

The total amount due, fees and expenses, late charges, suspense balance, total reinstatement amount, interest payment, principal past due amount, interest past due amount, and assessed fees/expenses were false and known to be false by the Defendants.

13. On October 27, 2006 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 10/27/2006 | 1,847.00 | 242.26 | 250.72 | 4.67 | -215.37 | 2,129.28 |

The total amount due, interest payment, late charges, fees and expenses, suspense balance and total reinstatement amount were false and known to be false by the Defendants.

14. On November 21, 2006 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 11/21/2006 | 2,769.36 | 364.53 | 313.40 | 9.34 | -215.37 | 3,241.26 |

The total amount due, interest payment, late charges, fees and expenses, suspense balance and total reinstatement amount were false and known to be false by the Defendants.

15. On December 20, 2006 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 12/20/2006 | 2,767.08 | 366.81 | 376.08 | 139.51 | -215.74 | 3,433.74 |

The total amount due, interest payment, fees and expenses, late charges, suspense balance, and total reinstatement amount were false and known to be false by the Defendants.

16. On April 17, 2009 the Defendants sent her a statement which read as follows:

6

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 4/17/09 | 1,092.93 | 165.27 | 172.97 | 68.83 | 1,362.34 | 808.92 | 5,482.08 | 864.85 | 743.28 | 9,261.47 |

The total amount due, interest payment, interest past due amount, escrow, and assessed fees/expenses were false and known to be false by the Defendants.

17. On March 17, 2009 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 3/17/09 | 1,094.11 | 164.09 | 172.97 | 68.83 | 1,362.34 | 644.83 | 4,387.97 | 691.88 | 432.78 | 7,519.80 |

The total amount due, interest payment, past due amounts, escrow, and assessed fees and expenses were false and known to be false by the Defendants when made.

18. On January 19, 2009 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/19/09 | 1,096.42 | 151.78 | 172.97 | 68.83 | 1,362.43 | 320.12 | 2,196.28 | 345.94 | 226.47 | 4,451.15 |

The total amount due, interest payment, principal past due amounts, escrow, and assessed fees and expenses were false and known to be false by the Defendants when made.

19. On September 26, 2009 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 9/26/06 | 923.12 | 121.51 | | -215.37 | 829.26 | 120.75 | 923.88 | | 192.71 | 2,066.60 |

The total amount due, interest payment, principal past due amounts, interest past due amount, and assessed fees and expenses were false and known to be false by the Defendants when made."

20. The Plaintiff avers that she sought an accounting of her payments on multiple occasions but never received a true and accurate accounting of her payments.

21. The Plaintiff avers that she continued to make her monthly payments to Defendant, Ocwen, and Defendant, Ocwen, continued to create false accountings and false assessment of her payments.

22. The Plaintiff avers that the Defendant, Ocwen, used the United States mails and wires in furtherance of its fraudulent and illegal scheme by sending at least ten letters each month beginning in October 2006 and hundreds of harassing telephone calls each month beginning in 2006 using the United States mails and wires in furtherance of their scheme to defraud and extort the Plaintiff in violation of 18 U.S.C. § 1341. These numerous acts are part of a continuous and constant scheme that has occurred on divers occasions constituting more than two (2) such predicate acts within the past three years. The Plaintiff relied upon these mailings and paid money to Defendant, Ocwen.

23. The Plaintiff avers that the Defendant, Ocwen, charged unlawful fees to Plaintiff, Williamson, misapplied Williamson's payments, and asserted charges not due and owing including, but not limited to, Prev-Property Valuation Expense. The Plaintiff further avers that despite her mortgage payments for the last three (3) years, her principal balance increased from $ 146,272.69 in 2007 to $ 153,845.08 in 2008. The Defendant, Ocwen, assessed fraudulent charges and continued to misapply the Plaintiff's payments which were made timely. These actions were in violation of 18 U.S.C. § 1341. The Plaintiff relied upon these mailings and paid additional money. The Defendants invested the money paid by the Plaintiff to operate their racketeering enterprises and continue their illegal actions.

24. The Plaintiff avers that she never received notice of any kind regarding a foreclosure.

25. The Plaintiff avers that she only learned of the foreclosure in 2009 when she received a letter from Shapiro & Kirsch, LLC who was retained to foreclose on the property.

26. The Plaintiff avers that Defendant, OCWEN, by and through its officers, employees, and directors, concealed the true status of her property and that they did so with the present intention to defraud the Plaintiff of the property.

27. The Plaintiff avers that the Defendant, OCWEN, has violated the implied covenant of good faith and fair dealing with her and that it intentionally did not serve her with actual notice of the pending foreclosure. The Plaintiff avers that she was not informed otherwise by Defendant, OCWEN, either. The Plaintiff avers that the Defendant, OCWEN, purposely and fraudulently orchestrated the foreclosure to convert the Plaintiff's interest in the property to its own benefit by, for and through an improper purpose.

28. The Plaintiff avers that the Defendant, Ocwen, has used the mails on multiple occasions each month beginning in 2006 to effectuate its fraudulent scheme to defraud the Plaintiff.

29. The Plaintiff avers that Defendant, Ocwen, has engaged in deceptive and unfair acts in servicing and/or administering the mortgage on 3609 Crossbrook Drive, Nashville, TN 37221. The Plaintiff avers that should the Defendants be permitted to proceed with their illegal schemes the Plaintiff will lose title to her real property and suffer immediate and irreparable monetary harm as well as the use and enjoyment of her home.

8

30. The Plaintiff avers that she has lost an interest in her real property located at 3609 Crossbrook Drive, Nashville, TN 37221 as a direct and proximate result of the Defendants' actions. This is as a direct and proximate result of the Defendants' racketeering actions and enterprises.

31. The Plaintiff avers that the Defendants wrongfully and unlawfully converted her property to their own use and benefit. The Defendants foreclosed on her property and took her personal property which was located in her home as well. This included many of the documents she had received from the Defendants regarding her account which included the false Ocwen account statements and the false demands for payment of the false amounts. The amounts alleged to have been due were not in fact due per the express terms of the contract with Ocwen.

32. The Plaintiff avers that the Defendants foreclosed on her property at 3609 Crossbrook Drive, Nashville, TN 37221 surreptitiously by not giving her actual notice of foreclosure. The Plaintiff also submits that the Defendants converted her real and personal property to their own use and benefit with the present intent to deprive her of its use and benefit. After the Defendant, Ocwen, foreclosed on the Plaintiff's property the defendants damaged her home, and converted her personal property *inter alia* computer, her computer desk, 2 couches, 1 love seat, chairs, two bedroom suits, dressers, night stands, headboards, lamps, tables, kitchen dinette set, stereo, DVD, refrigerator, lawnmower, tools, gardening tools, art work, luggage and documents including from Ocwen."

## IV
## MS. WILLIAMSON HAS ALLEGED AN INJURY AS A RESULT OF DEFENDANTS' RICO VIOLATIONS

Ms. Williamson has sufficiently alleged injury to her business and property as a direct and proximate result of Defendants' RICO violations. At numbered paragraphs 29, 32, 37, 39 of her First Amended Complaint, Ms. Williamson specifically alleges sufficient facts to satisfy the pleading requirements of a RICO action. Ms. Williamson's First Amended Complaint reads in pertinent part as follows:

'The Plaintiff avers that Defendant, Ocwen, has engaged in deceptive and unfair acts in servicing and/or administering the mortgage on 3609 Crossbrook Drive, Nashville, TN 37221. The Plaintiff avers that should the Defendants be permitted to proceed with their illegal schemes the Plaintiff will lose title to her real property and suffer immediate and irreparable monetary harm as well as the use and enjoyment of her home.'

"The Plaintiff avers that the Defendants foreclosed on her property at 3609 Crossbrook Drive, Nashville, TN 37221 surreptitiously by not giving her actual

9

notice of foreclosure. The Plaintiff also submits that the Defendants converted her real and personal property to their own use and benefit with the present intent to deprive her of its use and benefit. After the Defendant, Ocwen, foreclosed on the Plaintiff's property the defendants damaged her home, and converted her personal property *inter alia* computer, her computer desk, 2 couches, 1 love seat, chairs, two bedroom suits, dressers, night stands, headboards, lamps, tables, kitchen dinette set, stereo, DVD, refrigerator, lawnmower, tools, gardening tools, art work, luggage and documents including from Ocwen."

"The Plaintiff avers that all of the predicate acts described herein were related so as to establish a pattern of racketeering activity, within the meaning of 18 U.S.C. § 1962(c), in that their common purpose and common result were to defraud the Plaintiff of money, personally or through the Defendants' agent or agents, and to, directly or indirectly, participate in all of the acts of racketeering; and/or in that the acts of racketeering were otherwise related by distinguishing characteristics and were not isolated events."

"The Plaintiff avers that, as a direct and proximate result of, and by reason of, the activities of the Defendants, and their conduct in violation of 18 U.S.C. § 1962(c), the Plaintiff has been injured in her business and property, within the meaning of 18 U.S.C. § 1964(c).  The Plaintiff is, therefore, entitled to recover, three-fold, the damages she has sustained, together with the costs of this lawsuit, including  court costs, reasonable attorney's fees, and reasonable experts' fees."
The Defendants' motion on this part should be denied as well.

## V
## THE PLAINTIFF HAS SUFFICIENTLY PLED  LEGALLY COGNIZABLE "ENTERPRISES"

Ms. Williamson has sufficiently pled legally-cognizable "enterprises" for purposes of the

RICO statute. Ms. Williamson has specifically pled that the different Defendants, including the

John Doe Defendants, have formed "associations-in-fact" and have combined to form separate

enterprises for purposes of the RICO statute (First Amended Complaint, ¶s 2-4, 34-38). These

"associations-in-fact" as pled are exactly the types of associations the RICO statute envisions

and proscribes. Therefore, the Plaintiff has sufficiently pled violations of the RICO statute as

required by Section 1962 (c).  The various combinations of the various Defendants and their

agents and associates can be the basis for forming "enterprises" within the meaning of Section

1962 (c). Therefore, the Defendants' motion on this point should be denied. The Defendants do not cite to any Sixth Circuit cases that support the contention that a combination of named Defendants and their agents, employees and others cannot form a RICO "enterprise". In *Puckett vs. Tennessee Eastman Kodak Co.*, 889 F. 2d 1481 CA 6 (Tenn. 1989), the Sixth Circuit held that in order to prove a violation of § 1962 (c) one must plead and prove separate legal entities as to the "person" and the "enterprise". A corporation cannot be named as the liable "person" and simultaneously fulfill the "enterprise" requirement as well. Such is the case in this instance. Ms. Williamson has pled that the separate entities have formed associations-in-fact which constitute separate entities. This satisfies the pleading requirements for a RICO complaint. The Defendants' motion should be denied on this point.

## VI
## THE PLAINTIFF'S CONSPIRACY ALLEGATIONS ARE NOT SOLELY INTRACORPORATE

Ms. Williamsons's conspiracy claims are not limited to intracorporate conspiracy. In fact, Ms. Williamson's claims are that the Defendants as associated, which include two distinct corporate defendants and additional individual defendants, conspired to violate the RICO statute. Paragraphs 49-51 of the Plaintiff's First Amended Complaint specifically state that the Defendants conspired together to conduct the affairs of the "enterprises" through the aforepled racketeering activity which was mail and wire fraud. Ms. Williamson's First Amended Complaint reads in pertinent part as follows:

> **"49. The Plaintiff avers that the Defendants conspired to conduct or participate, directly or indirectly, in the conduct of the affairs of the heretofor identified enterprises through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). In particular, the Defendants intended to further an endeavor which, if completed, and as completed, would satisfy all of the elements of a substantive RICO criminal offense and an adopted goal of furthering or facilitating the criminal behavior.**

Case 3:09-cv-00514    Document 17    Filed 09/14/09    Page 11 of 18 PageID #: 242

50. The Plaintiff avers that she was injured by the Defendants and their overt acts that are acts of racketeering or otherwise unlawful under the RICO statute, which included (among other acts) acts of mail fraud and wire fraud in violation of 18 U.S.C.A. § 341 and § 343 (as described with particularity in paragraphs 1-28, *supra*).

51. The Plaintiff avers that, as a direct and proximate result of, and by reason of, the activities of the Defendants and their conduct in violation of 18 U.S.C. § 1962(d), the Plaintiff has been injured in her business and property, within the meaning of 18 U.S.C. § 1964(c). The Plaintiff avers that she is, therefore, entitled to recover, three-fold, the damages she has sustained, together with the cost of this lawsuit, including costs, reasonable attorney's fees, and reasonable experts' fees."

## VII.
## THE PLAINTIFF'S COMPLAINT SATISFIES THE PLEADING REQUIREMENTS OF RULES 8 AND 9 FEDERAL RULES OF CIVIL PROCEDURE

Ms. Williamson's First Amended Complaint satisfies the pleading requirements of Rules 8 and 9. Ms. Williamson has set forth sufficient facts in her 17-page Firs Amended Complaint to put the Defendants on notice of the claims against them for violations of the RICO statute, violations of the Tennessee Consumer Protection Act ("TCPA"), violations of the Fair Debt Collection Practices Act ("FDCP"), and for breach of contract. It is clear from the First Amended Complaint that the Defendants are being sued for obtaining money from Ms. Williamson by using inaccurate and false monthly statements on her mortgage beginning in 2006 and then foreclosing on her deed of trust without notice to her. In Ms. Williamson's Firat Amended Complaint she alleges with greater specificity by quoting some of the statements that were sent to her and alleging that these statements alleged false amounts that were purportedly due and owing. The allegations in Ms. Williamson's First Amended Complaint at paragraphs 8-23 are specific as to the false statements made.

8. "The Plaintiff avers that she made her payments to Defendant, Ocwen, beginning in 2005.

9. The Plaintiff avers that she had incurred late fees in 2006 and 2009 but continued to make her payments.

10. The Plaintiff avers that she received multiple mailings each month, beginning in 2006, from Defendant, Ocwen, which contained illegal fees, late charges, and false statements of the money due, payments made, and money owed which were false. These mailings were in violation of 18 U.S.C. § 1341 and Tenn. Code Ann. § 47-18-104 (a) and (b)(27). The Plaintiff reasonably relied on these mailings and paid additional payments. The Plaintiff avers that she received statements with the following dates and false charges on them.

11. On May 21, 2006 the Defendants sent her statements which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 5/21/08 | | 1,258.20 | 75.49 | | | 1,333.69 |

The total amount due, total reinstatement amount, interest payment, and late charges were false and known to be false by the Defendants.

12. On October 17, 2006 the Defendants sent her two statements which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 10/17/2006 | | 2,089.26 | 188.04 | 4.67 | -215.37 | 2,966.60 |

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/17/06 | 922.36 | 122.27 | | -215.37 | 829.26 | 242.26 | 1,847.00 | | 255.39 | 3,173.91 |

The total amount due, fees and expenses, late charges, suspense balance, total reinstatement amount, interest payment, principal past due amount, interest past due amount, and assessed fees/expenses were false and known to be false by the Defendants.

13. On October 27, 2006 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 10/27/2006 | 1,847.00 | 242.26 | 250.72 | 4.67 | -215.37 | 2,129.28 |

The total amount due, interest payment, late charges, fees and expenses, suspense balance and total reinstatement amount were false and known to be false by the Defendants.

14. On November 21, 2006 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 11/21/2006 | 2,769.36 | 364.53 | 313.40 | 9.34 | -215.37 | 3,241.26 |

13

The total amount due, interest payment, late charges, fees and expenses, suspense balance and total reinstatement amount were false and known to be false by the Defendants.

15. On December 20, 2006 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Late Charge | Fees and Expenses | Suspense Balance | Total Reinstatement Amount |
|---|---|---|---|---|---|---|
| 12/20/2006 | 2,767.08 | 366.81 | 376.08 | 139.51 | -215.74 | 3,433.74 |

The total amount due, interest payment, fees and expenses, late charges, suspense balance, and total reinstatement amount were false and known to be false by the Defendants.

16. On April 17, 2009 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 4/17/09 | 1,092.93 | 165.27 | 172.97 | 68.83 | 1,362.34 | 808.92 | 5,482.08 | 864.85 | 743.28 | 9,261.47 |

The total amount due, interest payment, interest past due amount, escrow, and assessed fees/expenses were false and known to be false by the Defendants.

17. On March 17, 2009 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 3/17/09 | 1,094.11 | 164.09 | 172.97 | 68.83 | 1,362.34 | 644.83 | 4,387.97 | 691.88 | 432.78 | 7,519.80 |

The total amount due, interest payment, past due amounts, escrow, and assessed fees and expenses were false and known to be false by the Defendants when made.

18. On January 19, 2009 the Defendants sent her a statement which read as follows:

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/19/09 | 1,096.42 | 151.78 | 172.97 | 68.83 | 1,362.43 | 320.12 | 2,196.28 | 345.94 | 226.47 | 4,451.15 |

The total amount due, interest payment, principal past due amounts, escrow, and assessed fees and expenses were false and known to be false by the Defendants when made.

19. On September 26, 2009 the Defendants sent her a statement which read as follows:

14

| Date | Interest payment | Principal payment | Escrow | Less partial payment amount | Current amount | Principal past due amount | Interest past due amount | Escrow | Assessed fees/expense | Total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 9/26/06 | 923.12 | 121.51 | | -215.37 | 829.26 | 120.75 | 923.88 | | 192.71 | 2,066.60 |

The total amount due, interest payment, principal past due amounts, interest past due amount, and assessed fees and expenses were false and known to be false by the Defendants when made.

20. The Plaintiff avers that she sought an accounting of her payments on multiple occasions but never received a true and accurate accounting of her payments.

21. The Plaintiff avers that she continued to make her monthly payments to Defendant, Ocwen, and Defendant, Ocwen, continued to create false accountings and false assessment of her payments.

22. The Plaintiff avers that the Defendant, Ocwen, used the United States mails and wires in furtherance of its fraudulent and illegal scheme by sending at least ten letters each month beginning in October 2006 and hundreds of harassing telephone calls each month beginning in 2006 using the United States mails and wires in furtherance of their scheme to defraud and extort the Plaintiff in violation of 18 U.S.C. § 1341. These numerous acts are part of a continuous and constant scheme that has occurred on divers occasions constituting more than two (2) such predicate acts within the past three years. The Plaintiff relied upon these mailings and paid money to Defendant, Ocwen.

23. The Plaintiff avers that the Defendant, Ocwen, charged unlawful fees to Plaintiff, Williamson, misapplied Williamson's payments, and asserted charges not due and owing including, but not limited to, Prev-Property Valuation Expense. The Plaintiff further avers that despite her mortgage payments for the last three (3) years, her principal balance increased from $ 146,272.69 in 2007 to $ 153,845.08 in 2008. The Defendant, Ocwen, assessed fraudulent charges and continued to misapply the Plaintiff's payments which were made timely. These actions were in violation of 18 U.S.C. § 1341. The Plaintiff relied upon these mailings and paid additional money. The Defendants invested the money paid by the Plaintiff to operate their racketeering enterprises and continue their illegal actions."

Ms. Williamson made payments to the Defendant, Ocwen, based on these false statements. Ms. Williamson also alleges that the Defendants subsequently foreclosed on her property without notice to her as well. These actions constitute *prima facie* violations of the Tennessee Consumer Protection Act found at Tenn. Code Ann. § 47-18-104(a) and (b) (27). The Plaintiff further submits that the Defendant breached the agreements between her and Defendant,

Ocwen, as well based on the same facts. The allegations are not that Ocwen charged fees that were not contractually-based. The allegations are that Defendant, Ocwen, charged fees that were false.

With respect to Defendants' arguments that Ms. Williamson does not satisfy the requirements for pleading violations of the Fair Debt Collections Practices Act, Ms. Williamson clearly sets forth facts that allege and substantiate that by attempting to collect monies which were not actually due and owing constitutes a violation of the FDCP. Any and all actions, including the false invoices and subsequent telephone calls, constitute the violations of the FDCP Act as set forth in Ms. Williamson's First Amended Complaint.

**VIII.**
**PLAINTIFF'S CONVERSION CLAIM IS SUPPORTED BY TENNESSEE LAW**

The Defendants argue that the Plaintiff cannot state a claim for conversion because the Defendant had a right in the property in the form of a security interest citing *Brandt v. Bib Enterprises, Ltd.*, 986 S. W. 29, 586, 595 (Tenn. Ct. App. 1998). The Plaintiff submits that the Brandt case cited by the Defendants actually supports her position. The Plaintiff has pled that the Defendant falsely inflated the money owed which was secured by the mortgage and that it failed to provide her with actual notice regarding foreclosure and thereby converted her home (First Amended Complaint, ¶s 54 and 58). This constitutes the common law tort of conversion of the Plaintiff's home because the Defendants actually had no legal right to the Plaintiff's home by fabricating the debt owed. Likewise, the Defendants had no right to the Plaintiff's personal property located at her home either. These actions by the Defendants constitute the tort of conversion because they violate the Plaintiffs' rights. To argue that a mortgagee cannot convert real property by falsifying the money owed per the mortgage would by analogy mean that a corporate treasurer could not commit the offense of embezzlement because the treasurer had a

Case 3:09-cv-00514    Document 17    Filed 09/14/09    Page 16 of 18 PageID #: 247

legal right to manage the corporation's money. The Defendants' argument is not supported by the law and it should be denied.

## IX
## CONCLUSION

In conclusion, Ms. Williamson sets forth claims for violations of the RICO Act, the Tennessee Consumer Protection Act, conversion the Fair Debt Collections Practices Act, and for breach of contract in accordance with Rules 8 and 9 Federal Rules of Civil Procedure. Ms. Williamson has set forth facts sufficient to satisfy the specific pleading requirements for the various elements of the RICO statute including the "predicate acts" requirements, the "enterprise" element, and the conspiracy claims. Furthermore, Ms. Williamson has specifically and sufficiently pled violations of the Tennessee Consumer Protection Act as well throughout her First Amended Complaint. Ms. Williamson's First Amended Complaint sets forth an additional cause of action as well. Ms. Williamson alleges that the Defendants' actions constitute conversion. Ms. Williamson cannot fully set forth all of the facts with greater specificity because the Defendants actually converted many of her documents which support her claims after they surreptitiously foreclosed on her property. As a result, the Defendants should not be permitted to use this fact to their advantage. In short, Ms. Williamson has pled legally-cognizable claims for violations of the aforementioned statutes and other claims and the Defendants' motion should be denied.

RESPECTFULLY SUBMITTED,

s/ Kline Preston
**G. KLINE PRESTON, IV #17141**
**KLINE PRESTON LAW GROUP, P.C.**
**530 CHURCH STREET, STE 202**
**NASHVILLE, TN 37219**
**(615) 244-5220**
**KPRESTON@KLINEPRESTON.COM**

## CERTIFICATE OF SERVICE

I do hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 14th day of September, 2009, which will send a notice of electronic filing to the following: Lee Barfield, II, Esq., Jeffrey P. Yarbro, Esq., Bass, Berry & Sims, PLC, 315 Deaderick Street, Ste 2700, Nashville, TN 37238-3001.

s/ Kline Preston
G. Kline Preston, IV