# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| **PAMELA WILLIAMSON**, | ) | |
| Plaintiff, | ) | Case No. 3:09-0514 |
| | ) | |
| vs. | ) | Hon. Judge Robert L. Echols |
| | ) | |
| **OCWEN LOAN SERVICING, LLC***, et al.* | ) | Magistrate Judge Joe Brown |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Ocwen Financial Corporation

("Ocwen Financial") respectfully submit this reply memorandum in support of their motion to

dismiss the amended complaint.

### INTRODUCTION

Fully 11 pages of plaintiff's brief in opposition to defendants' motion to dismiss consists

of block-copied text from her amended complaint. Merely restating her allegations does not cure

their inherent deficiencies, however, and plaintiff's inability to marshal any legal authorities that

would support the sufficiency of her pleading allegations underscores the appropriateness of

dismissal at this stage.

Having now submitted two different versions of a complaint, and a 17-page brief,

plaintiff has succeeded in establishing several propositions. *First,* she cannot specify a single

respect in which any of the mortgage statements provided to her were false, or in which a single

fee charged to her was improper*. Second,* plaintiff cannot identify a single legally cognizable

injury separate from those allegedly stemming from the predicate acts asserted in her amended

complaint.  ***Third***, plaintiff has failed to identify a legally cognizable RICO "enterprise" that is separate from the defendants named in the complaint, or to identify any alleged conspirators separate from Ocwen and its parent corporation.  ***Fourth***, plaintiff has failed to establish that she had any right – let alone a superior right – to the property she contends was converted and, in fact, essentially admits that she had defaulted on her mortgage before foreclosure proceedings were initiated against her.  Taken together, these propositions make clear that plaintiff's amended complaint fails to state a claim upon which relief can be granted.  The complaint therefore must be dismissed as a matter of law.

## ARGUMENT

At the outset, plaintiff's memorandum assumes an incorrect standard of review. According to plaintiff, the defendants' motion to dismiss must be denied unless "the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle to him to relief." (Pl. Mem. at 2.)  That is not the law.  The Supreme Court has emphasized twice in the past two years that, to survive dismissal, a complaint must establish "more than a sheer possibility that a defendant has acted unlawfully" and instead must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *Id.* (internal quotation marks omitted).  In rejecting the precise standard of review urged by plaintiff here – a standard derived from language contained in *Conley v. Gibson*, 355 U.S. 41 (1957) – the Supreme Court has stated that "there is no need to pile up further citations to show that *Conley*'s 'no set of facts' language has been questioned, criticized, and explained away long enough. . . . The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  To adequately state a

2

claim in the first place, a plaintiff must allege "enough factual matter (taken as true) to suggest that" the elements of a cause of action are satisfied. *Id.* at 556. As explained below, plaintiff has failed to meet this standard here.

## I. PLAINTIFF'S COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY FOR FAILURE TO ALLEGE FACTS SUPPORTING HER CONTENTION THAT OCWEN MADE ANY FALSE STATEMENT OR CHARGED ANY UNLAWFUL FEES.

Much of plaintiff's memorandum consists of a listing of allegedly "false" account statements and billing line items allegedly provided by Ocwen in connection with plaintiff's mortgage loan. (Pl. Mem. at 3-7, 13-15.) This exercise demonstrates a fundamental misapprehension of the flaws in Ms. Williamson's amended complaint. Ocwen does not deny that it provided plaintiff with account statements and that those statements listed various fees. The fundamental flaw in Ms. Williamson's complaint is that she has failed to provide the defendants and the Court with any account of why the various amounts owing listed in those account statements were false or improper. To give just one example, plaintiff alleges that Ocwen provided her with an account statement on October 27, 2006 with respect to which "the total amount due, interest payment, late charges, fees and expenses, suspense balance and total amount due were false . . . " (Pl. Mem. at 3.) That is a conclusion, not a factual allegation, and under *Iqbal* and *Twombly* cannot survive Rule 12 scrutiny. Neither the defendants nor the Court can do anything more than guess what plaintiff believes makes those statements false, what plaintiff believes the correct amounts should have been, or how she calculated the correct amount. In fact, the only guidance plaintiff provides concerning her grounds for disputing the accuracy of her account statement is the argumentative assertion that "[t]he allegations are not that Ocwen charged fees that were not contractually-based. The allegations are that Defendant, Ocwen, charged fees that were false." (Pl. Mem at 16.) Again, this constitutes rhetoric, not fact,

3

and cannot survive dismissal under the standard of *Iqbal* and *Twombly*. The Court thus should dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## II.  PLAINTIFF'S RICO CLAIMS MUST BE DISMISSED BECAUSE SHE HAS FAILED TO ALLEGE A COGNIZABLE INJURY UNDER SECTIONS 1962(A) OR 1962(B) OF RICO.

Plaintiff does not deny that, to state a claim under Sections 1962(a) and 1962(b) of RICO, she must allege an injury that is distinct from an injury caused by the alleged predicate acts themselves. Plaintiff fails to specify any such injury, and instead merely quotes allegations in her complaint relating to injuries caused by the alleged predicate acts. (Pl. Mem. at 9-10.) As explained in the defendant's opening brief, those allegations are plainly insufficient under Sixth Circuit law, and plaintiff cites no authority to the contrary. Plaintiff's RICO claims thus should be dismissed for this independent reason.

## III.  PLAINTIFF'S RICO CLAIMS MUST BE DISMISSED FOR FAILURE TO IDENTIFY EITHER A RICO ENTERPRISE OR AN ALLEGED CONSPIRATOR DISTINCT FROM OCWEN AND ITS PARENT CORPORATION.

Plaintiff candidly concedes that, "to prove a violation of § 1962 (c)[,] one must plead and prove separate legal entities as to the 'person' and the 'enterprise.'" Yet plaintiff has alleged nothing more than that Ocwen and its parent company formed an "association in fact." The idea that two named defendants, a company and its corporate parent, satisfy RICO's requirement of an enterprise that is distinct from the defendants themselves has been consistently rejected by the courts, as the authorities cited in defendants' opening brief make clear. Plaintiff again cites no authority to the contrary, and does not even attempt to distinguish the authorities cited in support of the motion to dismiss.

Plaintiff's Section 1962(d) conspiracy allegations fare no better than her Section 1962(c) enterprise allegations. Plaintiff suggests that, because she alleges that ten unnamed "John Doe" defendants conspired with Ocwen and its parent company, her alleged conspiracy is "not solely

4

intracorporate." (Pl. Mem. at 11.)  The fact that plaintiff's complaint alleges the John Doe defendants to be agents and employees of Ocwen and Ocwen Financial belies that suggestion. But even were plaintiff able to identify alleged conspirators who were not affiliated with the defendants, her conspiracy claim would fail for the independent reason that she alleges not a single fact to suggest that any such person undertook any conduct that would satisfy any of the elements of conspiracy.  Again, merely alleging that unnamed individuals "conspired" with Ocwen and its parent advances a conclusion, not a fact that could suffice under *Iqbal* and *Twombly* to avoid dismissal.  For this additional reason, plaintiff's RICO claims must be dismissed.

**IV.     PLAINTIFF'S CONVERSION CLAIM MUST BE DISMISSED BECAUSE THE COMPLAINT ALLEGATIONS DO NOT SUPPORT AN INFEFERENCE THAT SHE HAD A SUPERIOR RIGHT TO THE PROPERTY.**

Plaintiff does not deny that Ocwen had an existing right in the property (*i.e.*, a security interest enforceable in the event of nonpayment), or that plaintiff's own conduct triggered that right by virtue of her default on her mortgage obligations.  Instead, plaintiff again falls back on her conclusory assertions that Ocwen "falsely inflated the money owed."  (Pl. Mem. at 16.)  That legal conclusion is neither a fact cognizable under *Iqbal* and *Twombly* nor a proposition that satisfy the requirement of the tort of conversion that the defendant have interfered with plaintiff's property "without right."  Plaintiff's failure to cite any authority for the proposition that a mortgage servicer's foreclosure on a defaulted loan constitutes a conversion, or to distinguish the authorities cited in defendants' brief, speaks volumes.  For all the reasons set forth in the opening brief, plaintiff's conversion claim should be dismissed.

<u>CONCLUSION</u>

For the foregoing reasons, the defendants respectfully requests that its motion to dismiss the amended complaint be granted.

5

Dated: October 13, 2009

Respectfully submitted,


_/s/ H. Lee Barfield_
H. Lee Barfield II (#2581)
Jeffrey P. Yarbro (#24207)
Bass, Berry & Sims PLC
315 Deaderick Street, Suite 2700
Nashville, Tennessee  37238-3001
(615) 742-6202 (telephone)
(615) 742-2702 (facsimile)


*Counsel for Defendants*
*Ocwen Loan Servicing,  LLC and*
*Ocwen Financial Corporation*

6

## **CERTIFICATE OF SERVICE**

I do hereby certify I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 13th day of October 2009, which will send a notice of electronic filing to the following:

G. Kline Preston, IV (#17141)
Kline Preston Law Group, P.C.
530 Church Street, Suite 202
Nashville, TN 37219
(615) 244-5220
kpreston@klinepreston.com

*/s/ Jeffrey P. Yarbro*
Jeffrey P. Yarbro
