IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| PAMELA WILLIAMSON, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:09-0514 |
| vs. | ) ) | Hon. Judge William J. Haynes, Jr. |
| OCWEN LOAN SERVICING, LLC, OCWEN FINANCIAL CORPORATION, and JOHN DOES 1-10, | ) ) ) ) | Magistrate Judge Joe Brown |
| Defendants. | ) ) ) | |

## ANSWER OF DEFENDANTS OCWEN FEDERAL BANK AND OCWEN FINANCIAL CORPORATION

COME NOW Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Ocwen Financial Corporation (collectively, "the Ocwen Defendants") and respectfully submit this Answer to Plaintiff's First Amended Complaint (the "complaint").[1]  Unless specifically admitted, the Ocwen Defendants deny each and every allegation in the complaint.  With respect to the enumerated allegations, the Ocwen Defendants admits, denies, and alleges as follows:

## I.

## THE PARTIES

1.  The Ocwen Defendants lack sufficient information to form a belief as to the allegations set forth in paragraph 1 of the complaint regarding the plaintiff's current state residency.

---

[1] Five of the eight claims raised in this lawsuit were dismissed pursuant to the District Court's Memorandum Opinion.  *See* Memorandum Opinion, Docket Nos. 24 (Dec. 23, 2009).  The Court dismissed the Plaintiff's claims raised under the Racketeer Influenced and Corrupt Practices Act ("RICO") and the Tennessee Consumer Protection Act ("TCPA").

1

The Ocwen Defendants admit that plaintiff was the mortgagor of the real property referenced in paragraph 1 of the complaint and that Ocwen was the servicer of the mortgage referenced in paragraph 1 of the complaint. The Ocwen Defendants state that the second sentence of paragraph 1 of the complaint consists of legal conclusions to which no response is required.

2. The Ocwen Defendants lack sufficient information to form a belief as to the allegations set forth in the first sentence of paragraph 2 of the complaint concerning the plaintiff's beliefs regarding Ocwen's corporate citizenship and location. The Ocwen Defendants further state that Ocwen is a limited liability company, the sole member of which is Ocwen Financial Corporation, which is incorporated and headquartered in Florida. The Ocwen Defendants deny the allegations set forth in the second sentence of paragraph 2 of the complaint. The Ocwen Defendants deny the allegations set forth in the third sentence of paragraph 2 of the complaint. The Ocwen Defendants state that the fourth sentence of paragraph 2 of the complaint consists of legal conclusions to which no response is required. The Ocwen Defendants deny the allegations set forth in the fifth sentence of paragraph 2 of the complaint. The Ocwen Defendants state that the sixth sentence of paragraph 2 of the complaint consists of legal conclusions to which no response is required. The Ocwen Defendants state that the eighth sentence of paragraph 2 of the complaint consists of legal conclusions to which no response is required. The Ocwen Defendants admit that Ocwen was the attorney-in-fact for U.S Bank, N.A. with respect to the subject mortgage loan.

3. The Ocwen Defendants lack sufficient information to form a belief as to the allegations set forth in the first sentence of paragraph 3 of the complaint concerning the plaintiff's

beliefs regarding Ocwen Financial Corporation's corporate citizenship and structure. The Ocwen Defendants further state that Ocwen Financial Corporation is incorporated and headquartered in Florida. Ocwen Financial Corporation is the sole member of Ocwen Loan Servicing, LLC. The Ocwen Defendants deny each and every additional allegation set forth in paragraph 3 of the complaint.

4. The Ocwen Defendants state that, insofar as the allegations in paragraph 4 relate to unknown "John Doe" defendants, no answer is required. The Ocwen Defendants specifically deny each and every additional allegation set forth in paragraph 4 of the complaint.

## II.

### VENUE AND JURISDICTION

5. The Ocwen Defendants admit that venue is proper in this district and that Ocwen conducts business in this district. The Ocwen Defendants specifically deny that they engaged in any of the unlawful activities alleged in the complaint or in wrongful conduct of any kind with respect to the plaintiffs' mortgage.

6. The Ocwen Defendants state that paragraph 6 of the complaint consists of legal conclusions to which no response is required.

## III.

### THE FACTS

7. The Ocwen Defendants admit the allegations set forth in paragraph 7 of the complaint.
8. The Ocwen Defendants deny the allegations set forth in paragraph 8 of the complaint.

9. The Ocwen Defendants admit that the plaintiff incurred late fees in 2006 and 2009. The Ocwen Defendants deny the remaining allegations set forth in paragraph 9 of the complaint.

10. The Ocwen Defendants deny the allegations set forth in paragraph 10 of the complaint.

11. The Ocwen Defendants state that the account statement referenced in paragraph 11 of the complaint speaks for itself. The Ocwen Defendants deny each and every remaining allegation set forth in paragraph 11 of the complaint.

12. The Ocwen Defendants state that the account statements referenced in paragraph 12 of the complaint speaks for themselves. The Ocwen Defendants deny each and every remaining allegation set forth in paragraph 12 of the complaint.

13. The Ocwen Defendants state that the account statement referenced in paragraph 13 of the complaint speaks for itself. The Ocwen Defendants deny each and every remaining allegation set forth in paragraph 13 of the complaint.

14. The Ocwen Defendants state that the account statement referenced in paragraph 14 of the complaint speaks for itself. The Ocwen Defendants deny each and every remaining allegation set forth in paragraph 14 of the complaint.

15. The Ocwen Defendants state that the account statement referenced in paragraph 15 of the complaint speaks for itself. The Ocwen Defendants deny each and every remaining allegation set forth in paragraph 15 of the complaint.

16. The Ocwen Defendants state that the account statement referenced in paragraph 16 of the complaint speaks for itself. The Ocwen Defendants deny each and every remaining allegation set forth in paragraph 16 of the complaint.

17. The Ocwen Defendants state that the account statement referenced in paragraph 17 of the complaint speaks for itself. The Ocwen Defendants deny each and every remaining allegation set forth in paragraph 17 of the complaint.

18. The Ocwen Defendants state that the account statement referenced in paragraph 18 of the complaint speaks for itself. The Ocwen Defendants deny each and every remaining allegation set forth in paragraph 18 of the complaint.

19. The Ocwen Defendants state that the account statement referenced in paragraph 19 of the complaint speaks for itself. The Ocwen Defendants deny each and every remaining allegation set forth in paragraph 19 of the complaint.

20. The Ocwen Defendants deny the allegations set forth in paragraph 20 of the complaint.

21. The Ocwen Defendants deny the allegations set forth in paragraph 21 of the complaint.

22. The Ocwen Defendants deny the allegations set forth in paragraph 22 of the complaint.

23. The Ocwen Defendants deny the allegations set forth in paragraph 23 of the complaint.

24. The Ocwen Defendants deny the allegations set forth in paragraph 24 of the complaint.

25. The Ocwen Defendants lack sufficient information to form a belief concerning plaintiff's subjective mental, knowledge, or beliefs in 2009.

26. The Ocwen Defendants deny the allegations set forth in paragraph 26 of the complaint.

27. The Ocwen Defendants deny the allegations set forth in paragraph 27 of the complaint.

28. The Ocwen Defendants deny the allegations set forth in paragraph 28 of the complaint.

29. The Ocwen Defendants deny the allegations set forth in paragraph 29 of the complaint.

30. The Ocwen Defendants deny the allegations set forth in paragraph 30 of the complaint.

31. The Ocwen Defendants deny the allegations set forth in paragraph 31 of the complaint.

32. The Ocwen Defendants deny the allegations set forth in paragraph 32 of the complaint.

## IV.

### COUNT ONE:
### VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS PRACTICES ACT IN VIOLATION OF 18 U.S.C. § 1962(C)

33. The Ocwen Defendants reassert and incorporate by reference the responses set forth in the preceding paragraphs as if set fully forth herein.

34. The Ocwen Defendants state that paragraph 34 of the complaint consists of legal conclusions to which no response is required.

35. The Ocwen Defendants state that the first and second sentences of paragraph 35 of the complaint consist of legal conclusions to which no response is required. The Ocwen Defendants deny each and every remaining allegation set forth in paragraph 35 of the complaint.

36. The Ocwen Defendants state that paragraph 36 of the complaint consists of legal conclusions to which no response is required.

37. The Ocwen Defendants state that paragraph 37 of the complaint consists of legal conclusions to which no response is required.

38. The Ocwen Defendants state that the first sentence of paragraph 38 of the complaint consists of legal conclusions to which no response is required. The Ocwen Defendants deny each and every remaining allegation set forth in paragraph 38 of the complaint.

39. The Ocwen Defendants state that the first sentence of paragraph 39 of the complaint consists of legal conclusions to which no response is required. The Ocwen Defendants deny each any every remaining allegation set forth in paragraph 39 of the complaint and specifically deny that the plaintiff is entitled to the damages identified in paragraph 39 of the complaint.

6
Case 3:09-cv-00514   Document 53   Filed 04/23/11   Page 6 of 11 PageID #: 545

## V.

### COUNT TWO:
### VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS PRACTICES ACT IN VIOLATION OF 18 U.S.C. § 1962(A)

40. The Ocwen Defendants reassert and incorporate by reference the responses set forth in the preceding paragraphs as if set fully forth herein.

41. The Ocwen Defendants state that paragraph 41 of the complaint consists of legal conclusions to which no response is required.

42. The Ocwen Defendants state that paragraph 42 of the complaint consists of legal conclusions to which no response is required.

43. The Ocwen Defendants deny the allegations set forth in paragraph 37 of the complaint.

## VI.

### COUNT THREE:
### VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS PRACTICES ACT IN VIOLATION OF 18 U.S.C. § 1962(B)

44. The Ocwen Defendants reassert and incorporate by reference the responses set forth in the preceding paragraphs as if set fully forth herein.

45. The Ocwen Defendants state that paragraph 45 of the complaint consists of legal conclusions to which no response is required.

46. The Ocwen Defendants state that paragraph 46 of the complaint consists of legal conclusions to which no response is required.

47. The Ocwen Defendants deny the allegations set forth in paragraph 47 of the complaint.

## VII.
## COUNT FOUR:
## VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS PRACTICES ACT IN VIOLATION OF 18 U.S.C. § 1962(D) (CONSPIRACY)

48. The Ocwen Defendants reassert and incorporate by reference the responses set forth in the preceding paragraphs as if set fully forth herein.

49. The Ocwen Defendants state that paragraph 49 of the complaint consists of legal conclusions to which no response is required.

50. The Ocwen Defendants state that paragraph 50 of the complaint consists of legal conclusions to which no response is required.

51. The Ocwen Defendants state that paragraph 51 of the complaint consists of legal conclusions to which no response is required.

## VIII.

## COUNT FIVE:
## VIOLATION OF THE TENNESSSE CONSUMER PROTECTION ACT AT TENN. CODE ANN. § 47-18-104 ET SEQ.

52. The Ocwen Defendants reassert and incorporate by reference the responses set forth in the preceding paragraphs as if set fully forth herein.

53. The Ocwen Defendants deny the allegations set forth in paragraph 53 of the complaint.

54. The Ocwen Defendants deny the allegations set forth in paragraph 54 of the complaint.

55. The Ocwen Defendants deny the allegations set forth in paragraph 55 of the complaint.

56. The Ocwen Defendants deny the allegations set forth in paragraph 56 of the complaint.

## IX.
## COUNT SIX
## BREACH OF CONTRACT

57. The Ocwen Defendants reassert and incorporate by reference the responses set forth in the preceding paragraphs as if set fully forth herein.

58. The Ocwen Defendants deny the allegations set forth in paragraph 58 of the complaint.

## X.
## COUNT SEVEN
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AT 15 U.S.C.A. §1692 ET SEQ.

59. The Ocwen Defendants reassert and incorporate by reference the responses set forth in the preceding paragraphs as if set fully forth herein.

60. The Ocwen Defendants deny the allegations set forth in paragraph 60 of the complaint.

## XI.
## COUNT SEVEN
## CONVERSION

61. The Ocwen Defendants reassert and incorporate by reference the responses set forth in the preceding paragraphs as if set fully forth herein.

62. The Ocwen Defendants deny the allegations set forth in paragraph 62 of the complaint.

63. The Ocwen Defendants deny the allegations set forth in paragraph 63 of the complaint.

## XII.
## PRAYER FOR RELIEF

The Ocwen defendants deny that the plaintiff is entitled to the relief requested or to any form of relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are subject to an agreement requiring that plaintiffs provide Ocwen with written notice of those claims and a reasonable time to take corrective action before initiating any judicial action related to those claims.

2. The complaint, in whole or in part, fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred in whole or in part, by the doctrine of waiver.

WHEREFORE, the Ocwen Defendants pray that this Court determine and adjudge:

(1) that the complaint be dismissed on the merits with prejudice;

(2) that plaintiff take nothing by her complaint;

(3) that the Ocwen Defendants be awarded such other and further relief as the Court may deem proper.

Respectfully submitted,

/s/ Jeffrey P. Yarbro
H. Lee Barfield, II (# 2581)
Jeffrey P. Yarbro (# 24207)
BASS, BERRY & SIMS, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200

Brian Brooks *(admitted pro hac vice)*
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5127

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I do hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 23rd day of April 2011, which will send a notice of electronic filing to the following:

> G. Kline Preston, IV (# 17141)
> KLINE PRESTON LAW GROUP, P.C.
> 530 Church Street, Ste 202
> Nashville, TN 37219
> (615) 244-5220

/s/ Jeffrey P. Yarbro